## Joseph Hamilton *vs.* William F. Wood.

Argued Nov. 9, 1893.    Affirmed Dec. 13, 1893.

No. 8446.

**Interlocutory injunction when permanent one is not demanded.**

It is not necessary, in all cases where a temporary injunction is sought in an action, that the plaintiff should ask for a permanent injunction in his complaint. Other equivalent relief may be sought, appropriate to the nature of the case, and it is enough that it be made to appear that the defendant is threatening to do some act in violation of plaintiff's rights, in respect to the subject of the action, and tending to render the judgment ineffectual.

**Interlocutory injunction after answer denying all equities.**

It is the general, but not inflexible, rule to refuse to allow or continue an injunction, after answer denying all the equities of the complaint. There is room for the exercise of a sound judicial discretion in such cases. *Held*, that the circumstances of this case are such as to call for the exercise of such discretion.

**Injunction to prevent cloud upon title.**

The prevention of a cloud upon title is properly a branch of equity jurisdiction; and where a party has succeeded to the title of one against whom an action had been commenced, and afterwards settled, but which nevertheless culminated in a judgment which was an apparent, though invalid, lien on his property, *held*, that he was not confined to his legal remedy, to apply for relief in that action, but that he might have an injunction in the proper form of action to restrain a threatened sale upon execution issued upon such judgment.

**Suit to determine the validity of a judgment.**

The inquiry into the validity of such judgment lien and execution properly falls within the jurisdiction of the court in the injunction suit.

**Fraudulent participation in instituting the first action.**

*Held*, also that the facts set up by the defendant in respect to the origin of the action, in which such judgment was rendered, and the plaintiff's connection therewith, which are alleged to have been fraudulent, do not invalidate the subsequent alleged agreement between the plaintiff and defendant herein for the settlement and dismissal of that action.

**Relief may be granted although the subject-matter grew out of a fraud.**

A court of equity will not refuse relief merely because the subject-matter in respect to which relief is asked may have grown out of a

fraudulent transaction, and it will interfere to prevent the active enforcement of an illegal contract, though it would not give to either party any affirmative relief or benefit growing out of such contract.

Appeal by defendant, William F. Wood, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made May 6, 1893, granting an injunction restraining a sale pending this action.

The defendant constructed a house on lot four (4) in block forty nine (49) in St. Louis Park Centre, for Ida F. Schmidt, for $1,035. The plaintiff, Joseph Hamilton, advanced this money for the purpose and was to have a mortgage on the house and lot for the amount. After the house was built and the money paid she and her husband, August C. Schmidt, refused to execute and deliver the mortgage or repay the money. Thereupon plaintiff requested defendant to file a lien upon the property for the contract price, and he did so and commenced an action to foreclose it for plaintiff's benefit. Before the time to answer in that action expired plaintiff settled with the Schmidts and purchased of them the house and lot and on August 15, 1892, took a deed thereof. Plaintiff then notified Wood of the purchase and paid him the costs he had incurred in the lien suit and he agreed to dismiss it. But he failed to do so and some three months thereafter caused judgment for foreclosure and sale to be entered, on default, without the knowledge or consent of plaintiff. Afterwards in March, 1893, he caused a certified copy of the judgment to be issued to the Sheriff. Under it, the Sheriff advertized the house and lot for sale on May 8, 1893, to pay the judgment, with interest and costs. The plaintiff on April 18, 1893, discovered the facts and brought this action against Wood for a temporary injunction and to have the judgment satisfied and for such other relief as should seem to the Court equitable. His complaint stated these facts and was supported by his affidavit. On them, he moved the Court, on notice, for a temporary injunction restraining the sale until the final determination of this action. Wood made answer and read it in opposition to the motion. In it he admitted most of the facts above stated, but denied that the plaintiff paid the $1,035, or the costs of the foreclosure suit and also denied that he agreed to file the lien or foreclose it for plaintiff's benefit, or to dismiss that action. The Court granted the temporary injunction and defendant appeals.

*Savage & Purdy,* for appellant.

Plaintiff was not entitled to the temporary injunction, because he failed to ·demand a permanent injunction in his complaint. 1878 G. S. ch. 66, § 200; *Hovey* v. *McCrea,* 4 How. Pr. 31; *Olssen* v. *Smith,* 7 How. Pr. 481.

Proceedings to vacate this judgment can only be taken in the original action; *Wieland* v. *Shillock,* 23 Minn. 227; s. c. 24 Minn. 345; *Ede* v. *Hazen,* 61 Cal. 360; *Parker* v. *Bledsoe,* 87 N. C. 221; *Mastick* v. *Thorp,* 29 Cal. 444; *French* v. *Shotwell,* 5 Johns. Ch. 554.

No relief will be granted against a judgment where the party could have protected himself in the original suit. 3 Pomeroy Eq. J. § 1361; *Hopkins* v. *Medley,* 99 Ill. 509; *Ede* v. *Hazen,* 61 Cal. 360; *Parker* v. *Bledsoe,* 87 N. C. 221; *Johnston* v. *Paul,* 23 Minn. 46.

The only possible escape that plaintiff could have, is, that the judgment was entered by fraud, accident or mistake. But to avail himself of this, it must be unmixed with any fault or negligence of himself. Freeman, Judg. § 502; *Shufeldt* v. *Gandy,* 34 Neb. 32; *Ratliff* v. *Stretch,* 130 Ind. 282; *Sargeant* v. *Bigelow,* 24 Minn. 370.

Admitting the complaint to be true, the facts stated show an agreement to do an unlawful and criminal thing and a court of equity will not interfere to secure to one of the conspirators the benefit of the unlawful transaction as against the other. Bishop Contracts, § 489; *Elder* v. *First National Bank,* 12 Kans. 238; *Harrington* v. *Bigelow,* 11 Paige, 349; *Creath* v. *Sims,* 5 How. 192; *Palmer* v. *Harris,* 60 Pa. St. 156; *Weed* v. *Little Falls & D. R. Co.,* 31 Minn. 154; *Blystone* v. *Blystone,* 51 Pa. St. 373.

All the equities of the plaintiff are denied by the answer. No injunction will be granted under such circumstances. *McCartney* v. *Cassidy,* 141 Pa. St. 453; *Montgomery* v. *McEwen,* 9 Minn. 103; *Armstrong* v. *Sanford,* 7 Minn. 49; *Moss* v. *Pettingill,* 3 Minn. 217; *McCulla* v. *Beadleston,* 17 R. I. 20.

*A. E. Helmick,* for respondent.

The temporary injunction prayed for in the complaint is within the provisions of 1878 G. S. ch. 66, § 200. *Wilmington S. M. Co.* v. *Allen,* 95 Ill. 288; *Reynell* v. *Sprye,* 1 De Gex, M. & G. 660. This new action is proper. Plaintiff was not required to intervene in the

foreclosure suit to obtain the relief he seeks. 3 Pomeroy, Eq. J. § 1363.

All of the plaintiff's acts were proper and legal, and injured no man. No fraud was perpetrated against the Schmidts for the reason that the lien was filed for the exact amount due, and no excess was at any time attempted to be collected. The only fraudulent acts were those of defendant in proceeding to foreclose a lien already satisfied. *McBlair* v. *Gibbes,* 17 How. 232; *Brooks* v. *Martin,* 2 Wall. 70.

Upon the coming in of an answer denying the equities of the complaint, the Court in its discretion can either grant or deny the application. Having once granted an interlocutory injunction, its order will not be disturbed on appeal unless a clear abuse of discretion can be shown. *Myers* v. *Duluth Transfer Co.,* 53 Minn. 335; *New* v. *Bame,* 10 Paige, 502; *McCorkle* v. *Brem,* 76 N. C. 407; *Jones* v. *Brandon,* 60 Miss. 556; *Conkey* v. *Dike,* 17 Minn. 457; *Stees* v. *Kranz,* 32 Minn. 313; *Dickerson* v. *Hayes,* 26 Minn. 100; *O'Brien* v. *Oswald,* 45 Minn. 59.

The action is to prevent the cloud upon plaintiff's title which would be caused by a sale of the premises under the judgment. *Pettit* v. *Shepherd,* 5 Paige, 493; *Christie* v. *Hale,* 46 Ill. 117; *Irwin* v. *Lewis,* 50 Miss. 363; *Hinkley* v. *Haines,* 69 Me. 76; *Conkey* v. *Dike,* 17 Minn. 457; *Hanson* v. *Johnson,* 20 Minn. 194; *Barton* v. *Drake,* 21 Minn. 299; *Maloney* v. *Finnegan,* 38 Minn. 71; *Fasler* v. *Beard,* 39 Minn. 32.

VANDERBURGH, J. By his complaint in this action the plaintiff seeks the equitable interference of the court to restrain the sale of certain real property under a judgment for the foreclosure of a mechanic's lien filed against the same by defendant, which judgment plaintiff alleges was fraudulently entered after the lien was settled by plaintiff. Upon the facts stated plaintiff asks an injunction restraining the proceedings, and a threatened sale under the judgment, pending the action, and for the dismissal of all proceedings for the enforcement of the lien, and the satisfaction of the same. The defendant appeals from the order granting an injunction.

1. Under 1878 G. S. ch. 66, § 200, it is not necessary in all cases in which a temporary injunction is sought to ask for a permanent injunction in the complaint, for other appropriate relief may be asked, substantially equivalent. It is enough that it be made to appear that the defendant is threatening to do some act in violation of plaintiff's rights in respect to the subject of the action, and tending to render the judgment ineffectual. Such is the case of a suit to set aside or cancel an invalid or satisfied mortgage upon which a foreclosure sale is threatened. And besides, in this case defendant has appeared in the action, and the court is authorized to grant any final relief consistent with the case made by the pleadings. This objection to the complaint, therefore, cannot be sustained.

2. The application for the injunction was heard upon the complaint and affidavit of the plaintiff and the sworn answer of the defendant. The defendant insists that it was error for the court to allow the writ, because the answer denies all the equities of the complaint.

While it will be conceded that the general rule is as the plaintiff contends, yet it is not inflexible, but it is a matter largely in the sound judicial discretion of the court, whether it will retain or set aside an injunction upon the hearing, depending upon the nature of the case, and the attendant circumstances, especially in cases of this kind, where the delay of the sale until the hearing would work comparatively little injury to the substantial rights of the defendant, as compared with the inconvenience and embarrassment it might cause to the plaintiff. *Stees* v. *Kranz*, 32 Minn. 313, (20 N. W. 241;) High, Inj. §§ 1508, 1509; *O'Brien* v *Oswald*, 45 Minn. 59, (55 N. W. 140.) We are of the opinion that the discretion of the court was not abused in this instance.

3. Another objection urged is that plaintiff had an adequate legal remedy; that he ought to have applied for relief in the original action for the enforcement of the lien; that he might have procured a stay of proceedings, and moved to set aside the judgment, and been admitted to defend in that action. It is undoubtedly true that, having succeeded to the title of the property in question, he would have had a standing in court to apply for such relief.

But plaintiff was not confined to this remedy. The equitable remedy to restrain by injunction a sale which is unwarranted and

inequitable, and which would create a cloud upon the title of the plaintiff, is well established, and is clearly contemplated by 1878 G. S. ch. 66, §§ 200, 204; Conkey v. Dike, 17 Minn. 460–465, (Gil. 434.) "The prevention of a cloud upon title is a salutary branch of the jurisdiction of equity recognized by all the authorities, and founded upon the clearest principles of right and justice." High, Inj. § 372.

In order to form a basis for the relief by injunction sought there must be a suit brought, and the plaintiff must, of course, show that the threatened sale is unlawful and unauthorized. This the complaint in this case shows. It substantially appears thereby that the defendant had erected a house upon the premises for the owner thereof, and at the instance of the plaintiff proceeded to file a claim for a statutory lien for the cost thereof, the amount of which had already been advanced to him by the plaintiff; and brought an action to foreclose the same. The owner made no contest, and shortly afterwards the plaintiff purchased the property, and thereupon, it is alleged, made full settlement with the defendant, including the costs and expenses of the action, in consideration whereof the defendant agreed to satisfy the lien, and dismiss the suit. This, however, the defendant failed to do, but several months thereafter secretly caused judgment to be entered by default, and afterwards caused the premises to be advertised for sale in pursuance thereof. The entry of judgment after the claim was settled was in violation of the rights of the plaintiff, and a fraud upon him. Gates v. Steele, 58 Conn. 316, (20 Atl. 474;) 3 Pom. Eq. Jur. p. 2104. These allegations afford ample justification for the injunction, and the inquiry into the validity of the judgment and lien properly falls within the jurisdiction of the court in the injunction action.

4. But, in addition to the facts already stated, the complaint also shows that the plaintiff had in the first instance paid defendant the cost of the house we have referred to, in pursuance of an agreement between all the parties interested, under which the owner was in consideration thereof to secure plaintiff for the sum so advanced, but which he afterwards refused to do; and the complaint proceeds: "That thereupon plaintiff entered into a certain agreement with defendant, whereby it was understood and agreed by plaintiff and defendant that defendant should file a mechanic's lien upon said premises for the total cost of said house, and should

proceed to have said lien foreclosed, for the protection, benefit, security of, and in trust for, plaintiff, to protect said plaintiff for the said sum of money so advanced, which said proceedings were to be conducted in the name of defendant; that, in pursuance of said agreement, defendant caused mechanics' liens to be filed against the premises" as above stated. And subsequently plaintiff bought the property of the defendants in the lien suit, and entered into the arrangement for the settlement of the lien and dismissal of the proceedings already mentioned. This scheme or device to save the plaintiff's claim the defendant insists was dishonest, and so affected the whole subsequent transaction between plaintiff and defendant in respect to the settlement of the suit that a court of equity will not interfere to aid either party, but will leave them as it finds them. The facts stated do not, however, bring this case within the class of cases counsel refer to. While the law did not give this plaintiff any such remedy as he was seeking to avail himself of through the defendant's lien, and would have interfered to protect the owner against it, yet the debt was an honest one, it seems; and the question relates rather to the remedial rights of the parties than to the inherent immorality or unlawfulness of the transaction. But, under the altered circumstances, after plaintiff became the owner, there certainly could be nothing in the subject-matter invalidating the new agreement with the defendant, or requiring the application of the maxim *"in pari delicto,"* etc. Equity will not interfere or refuse to interfere merely because the subject-matter in respect to which relief is asked may have grown out of a fraudulent or illegal transaction. *McBlair* v. *Gibbes,* 17 How. 237; *Brooks* v. *Martin,* 2 Wall. 81. On the contrary, it would be highly inequitable to allow the defendant to enforce payment a second time. Equity will interfere, even in the case of illegal contracts, to restrain their active enforcement, upon the same principle that under other circumstances they may be defended against at law, though it would not give to either party any relief or benefit growing out of the contract. 2 Pom. Eq. Jur. § 940.

This disposes of all the questions in the case which we deem material to be considered. Order affirmed.

(Opinion published 57 N. W. Rep. 208.)