FRANK A. NOLAN v. JOHN RANKIN DYER and Another.

January 9, 1899.

Nos. 11,297—(153).

Equity—Failure to Redeem from Foreclosure of Mortgage—Fraud—Practice.

Through fraud and imposition of D., then owner of certain real property, and holder of a certificate of foreclosure sale upon foreclosure by action of a first mortgage on the property, the plaintiff, N., who was a trustee in several subsequent mortgages, was prevented from redeeming in due time. N. was not a party to the action foreclosing the first

mortgage. *Held*, that N. might maintain an action for relief; that the remedy, if any, by motion in the foreclosure action, was not exclusive.

Action in the district court for Ramsey county by plaintiff, as trustee, to set aside an assignment of the sheriff's certificate of sale upon foreclosure of the first mortgage, to have the lien of certain mortgages held by plaintiff declared superior to that of said sheriff's certificate of sale, and to set aside the final decree and amended decree in the action to foreclose the first mortgage. The facts are stated in the opinion. The case was tried before Otis, J., who ordered judgment in favor of plaintiff. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*John H. Long, A. S. Keyes* and *John W. Kerr*, for appellants.

The final decree to Beverly A. Dyer remaining in full force and effect cannot be attacked in a collateral action, as is here sought to be done. Rogers v. Holyoke, 14 Minn. 158 (220); Hotchkiss v. Cutting, 14 Minn. 408 (537). That decree is final not only as to the matter determined, but as to every other matter which the parties might have litigated in the cause. Vail v. Vail, 7 Barb. 226; Bruen v. Hone, 2 Barb. 586; Embury v. Conner, 3 N. Y. 511. One who might have been a party to a former action, cannot maintain a separate suit to set aside a sale or decree rendered in that action. Rogers v. Holyoke, supra; Ebert v. Long, 43 Minn. 235.

*Oscar Hallam* and *N. H. Clapp*, for respondent.

Judgment obtained at law, or in equity, where the defendant was deprived of his defense by accident or by fraud in the party in whose favor it was rendered, will be set aside. 2 Pomeroy, Eq. Jur. §§ 871, 914–919; 3 Id. § 1377; Babcock v. McCamant, 53 Ill. 214; Nevil v. Clifford, 55 Wis. 161; State v. Phoenix, 33 N. Y. 1; Whittlesey v. Delaney, 73 N. Y. 571; Mandeville v. Reynolds, 68 N. Y. 528; Jordan v. Volkenning, 72 N. Y. 300; Stevens v. Central, 144 N. Y. 50; Hamilton v. Wood, 55 Minn. 482; Mann v. Flower, 26 Minn. 479; Johnston v. Paul, 23 Minn. 46; Stewart v. Duncan, 40 Minn. 410. Where a party has been misled or prevented, by some assurance or deception, from presenting the merits of his claim or defense, and there has been in fact "no adversary trial" or "real contest," a case is pre-

sented for equitable interference. See Hentig v. Sweet, 27 Kan. 172; Pearce v. Olney, 20 Conn. 544; Wierich v. De Zoya, 7 Ill. 385; Johnson v. Unversaw, 30 Ind. 435; Dobson v. Pearce, 12 N. Y. 156; Hibbard v. Eastman, 47 N. H. 507; U. S. v. Throckmorton, 98 U. S. 61; Hamilton v. Wood, supra.

John R. Dyer is estopped by the covenants in the mortgages given by Benjamin, his grantor, to plaintiff, from setting up this title against plaintiff. See Sandwich Mnfg. Co. v. Zellmer, 48 Minn. 408; Calkins v. Copley, 29 Minn. 471; Allison v. Armstrong, 28 Minn. 276; Washington L. & T. Co. v. McKenzie, 64 Minn. 273; McEwen v. Beard, 58 Minn. 176; American Baptist M. U. v. Hastings, 67 Minn. 303; Fells v. Barbour, 58 Mich. 49; Hooper v. Henry, 31 Minn. 264. Dyer being the grantee of Benjamin was under the same disability as Benjamin himself.

BUCK, J.

On February 28, 1889, the Minnesota Scale Company, a corporation, executed a mortgage to the People's Trust Company on lots 8, 9, 10 and 12 in block 1, and lot 30 in block 8, in King's addition to St. Paul, which mortgage was subsequently assigned to E. A. Jaggard, who subsequently foreclosed the same by action, and took a sheriff's certificate of said sale to himself. Subsequent to the giving of such mortgage, but prior to the foreclosure proceedings, one Franklin Benjamin acquired title to said property, and, as owner thereof, executed mortgages on the same property to the plaintiff, as trustee of an express trust for several mortgagees.

After the execution of said mortgages and the foreclosure thereof by Jaggard, and on September 22, 1896, Benjamin sold and conveyed said property to John Rankin Dyer by warranty deed. This deed was made expressly subject to the sum of $900 due Jaggard as redemption money on his certificate of sale, which would operate for the benefit of the several mortgagees, for whom the plaintiff, Nolan, was trustee as above stated. This amount was then deducted from the price agreed to be paid to Benjamin by said Dyer, who continued to be the owner of said property up to the time of the commencement of this action. J. R. Dyer procured from Jaggard an assignment of the certificate of sale on said mortgage fore-

closure, paying therefor his own money, but causing the name of a relative, Beverly A. Dyer, one of these defendants, to be inserted in said certificate instead of his own, without the knowledge or consent of said Beverly A. Dyer, who disclaims ever having acquired any right or interest in said premises by reason of the assignment to him of said certificate.

John Rankin Dyer promised plaintiff, at divers times before the expiration of the time for redeeming said premises from the mortgage foreclosure, to redeem said premises from such sale, and afterwards represented to plaintiff that the same had been paid, and the same representation was made to plaintiff by said Jaggard, all of which representations plaintiff believed and relied upon; and he took no steps to redeem, although he was then, and at all times had been, ready, willing and able to redeem, and would have done so if said representation had not been made.

Other facts appear in the record tending to show the fraudulent acts and representation of John Rankin Dyer, with a view on his part to defraud plaintiff as such trustee in the matter, which need not be stated further in detail, as it was conceded upon the oral argument in this court that the question of practice was substantially the real and only question to be decided.

Upon the finding of facts the trial court found as conclusions of law:

"Plaintiff is entitled to judgment against the defendants, and each of them, adjudging that all the right, title or interest in said premises or any part thereof, of said defendant Beverly A. Dyer, is subject and subordinate to plaintiff's said mortgages; that said Beverly A. Dyer took, and now holds, the assignment of certificate of sale aforesaid, and any rights accrued thereunder, for the use and benefit of said John Rankin Dyer, and subject to his order and direction, all of which are subject and subordinate to said mortgages,— and adjudging said premises redeemed from the foreclosure sale aforesaid to said Jaggard, and vacating and setting aside, and declaring null and void, said final decree and amended decree so procured, and adjudging that the mortgages to plaintiff above mentioned are valid and subsisting liens upon said premises, and each and every part thereof, and upon all the right, title and interest of said John Rankin Dyer therein, and of said Beverly A. Dyer, and of all persons claiming any right, title or interest in said premises under or through purchase from said defendants or

either of them, since the 15th day of April, 1897, and adjudging the lien of said mortgages to be prior to the rights of any of the defendants herein, or any such person or persons claiming under them, or either of them, in the premises. Let judgment be entered accordingly."

The question of practice involved is this: Can the final decree in the foreclosure suit be attacked in this action, or should the proceeding have been by motion in the original action? We are of the opinion that this suit in equity, so far as it concerns the plaintiff, can be maintained against these defendants.

It is to be noted that none of the parties to this suit were parties to the foreclosure suit, nor in any way connected with it; and the court distinctly found that the defendant John Rankin Dyer perpetrated an actual fraud upon plaintiff, whereby the latter was deprived of the right or opportunity to redeem, and consequently the mortgagees, for whom he is the trustee, lose their mortgage interest in the land, without any fault on their or his part, unless this action can be upheld. The facts found show a premeditated fraud, clearly established; and to that extent such iniquity should be condemned, and Dyer not be permitted to enjoy the fruits thereof.

It is also to be observed that the fraud complained of did not exist at the time of the commencement of the former action, nor when the time expired for answering the complaint in foreclosure therein, and that plaintiff did not know of its perpetration until after the expiration of the period for redemption, nor until after the application for final decree. His silence and omission to act sooner are naturally and reasonably accounted for by his not being a party to the former action, and by the fact that he was deceived and misled by the misrepresentations of John Rankin Dyer, both before and after the time for redemption had expired, and by the statement of Jaggard that the amount due on his certificate of sale had been paid, made before the application for final decree.

John Rankin Dyer was not an adverse party in the former suit, and in no way appeared therein, and, as he was the moving spirit in the transaction whereby plaintiff was deceived and misled to his injury, plaintiff should be permitted to maintain this suit in equity,

especially as he was a nonresident of the state, and it is somewhat doubtful if jurisdiction could have been obtained over him, even if an attempt by motion had been sought to open the former proceedings or decree or judgment, and, if so, it is apparent from this and other facts in the case that such attempt would have been uncertain, if not inadequate and futile.

Of course, the issue of fraud or no fraud was not adjudicated in the former action, either as a question of law or in equity. The iniquity of the transaction was in no manner involved in the execution of the mortgage, or the foreclosure thereof, but relates solely to the fraud of the defendant in deceiving the plaintiff in the matter of redemption from the foreclosure sale, whereby he sought to obtain, and now seeks to retain, an unconscionable advantage of the plaintiff as trustee of subsequent mortgagees.

"Fraud and imposition invalidate a judgment, as they do all acts, and may be alleged whenever the party seeks to avail himself of the results of his own fraudulent conduct by setting up the judgment the fruits of his fraud.  *  *  *  Judgment obtained by fraud upon a court binds not such court, or any other, and its nullity upon that ground, though it has not been set aside or reversed, may be alleged in a collateral proceeding." Mandeville v. Reynolds, 68 N. Y. 528, 543.

In the case of Hamilton v. Wood, 55 Minn. 482, 57 N. W. 208, the grantee of premises subject to a mechanic's lien settled with the plaintiff, who held the lien, and had commenced an action to foreclose it, and he had agreed to dismiss the suit. This was before the time for answering had expired, but he failed to dismiss the action, and caused judgment for foreclosure sale to be entered, without the knowledge or consent of the purchaser of the premises. When the owner of the lien sought to enforce it by sheriff's sale, the purchaser brought an action for temporary injunction, and to have the judgment set aside. The injunction was granted, and upon appeal to this court the order was affirmed. It was there said, at page 486:

"Another objection urged is that plaintiff had an adequate legal remedy; that he ought to have applied for relief in the original action for the enforcement of the lien; that he might have procured a stay of proceedings, and moved to set aside the judgment, and been admitted to defend in that action. It is undoubtedly true that, hav-

ing succeeded to the title of the property in question, he would have had a standing in court to apply for such relief. But plaintiff was not confined to this remedy. The equitable remedy to restrain by injunction a sale which is unwarranted and inequitable  *  *  * is well established, and is clearly contemplated by G. S. 1878, c. 66, §§ 200, 204." "The entry of judgment after the claim was settled was in violation of the rights of the plaintiff, and a fraud upon him. *  *  *  These allegations afford ample justification for the injunction, and the inquiry into the validity of the judgment and lien properly falls within the jurisdiction of the court in the injunction action."

We perceive no distinction between a proceeding to enjoin the fraudulent use of a judgment itself obtained by fraud and the right of the plaintiff in this case by a proceeding in equity to bar the defendant from using his fraudulent decree and judgment obtained by fraud. Fraud is a matter of equity jurisdiction, and in the case cited, as well as in the case at bar, equitable relief was and is sought against a fraud not denied, or at least directly found in favor of the plaintiff.

Order affirmed.