## ·ALBERT STEFFES v. MOTION PICTURE MACHINE OPERATORS UNION OF MINNEAPOLIS AND OTHERS.[1]

February 23, 1917.

Nos. 20,153—(273).

**Appeal and error — review of order denying temporary injunction.**

1. Where the trial court on conflicting pleadings and affidavits denies a temporary injunction, this court on appeal from such an order must assume a state of facts as favorable to the defendants as the showing made by them will sustain.

**Trade union — meaning of term "unfair."**

2. The term "unfair" as used by organized labor means that the person so ·designated is unfriendly to organized labor or refuses to recognize its rules and regulations.

**Same — notice that employer is unfair.**

3. A notification to customers or prospective customers that an employer of labor is unfair may portend a threat or intimidation. In such case it constitutes a boycott and is unlawful, but a mere notification that an employer is unfair, without more, is not unlawful.

**Display of "unfair" placard.**

4. Display of an "unfair" placard on the public street near plaintiff's place of business is not unlawful if there be no obstruction to traffic or of access to plaintiff's place of business and no threat, intimidation or other unlawful interference.

Action in the district court for Hennepin county against Motion Picture Machine Operators Union of Minneapolis, Local 219, International Alliance Theatrical Stage Employees, an unincorporated society, and certain members of defendant association as individuals, and in behalf of all other members of the association, to restrain defendants from displaying a sign "unfair to organized labor" before plaintiff's place of business, and to recover $1,300 damages. From an order, Molyneaux, J., discharging an order to show cause why the court should not grant a

[1]Reported in 161 N. W. 524.

temporary injunction until the trial of the action upon its merits, plaintiff appealed. Affirmed.

*Mead & Bryngelson, James D. Shearer* and *L. B. Byard,* for appellant.

*Fifield & Finney,* for respondents.

HALLAM, J.

1. The facts in this case are very much in dispute. Plaintiff asked for a temporary injunction on a verified complaint and supporting affidavits. He was met by a verified answer and answering affidavits. The court without making findings denied the injunction. We must assume a state of facts as favorable to the defendants as the showing made by defendants will sustain. From defendants' showing the following facts appear:

Plaintiff operates a motion picture theatre on Twentieth avenue north in Minneapolis. He employs one Supple as operator of his motion picture machine. A trade union of motion picture machine operators, seeking to enlarge the possibilities of the organization, besought plaintiff to enter into an agreement to hire a union operator at union wages and further urged that Supple join the union. To do so he would be obliged to enter as a "permit man," and after a year he would become a full member. During this year he would be subject to be displaced by some union member, should there be one unemployed, but this was not probable. While these negotiations were in progress plaintiff remodelled his theatre, and in that work it was claimed he employed nonunion men though union labor was offered. The result of all their negotiations was that plaintiff finally informed defendants that he would not employ any union man as operator and that if Supple joined the union he would be discharged. Defendants' representative then told plaintiff the union would feel obliged to "banner his place as unfair to organized labor." Plaintiff replied that was just the thing he wanted done, that when it was done before it helped his business and he was glad it was about to start again. Thereupon defendants hired one Clausen to carry back and forth on the street in front of the theatre a banner on which was printed: "This theatre is unfair to organized labor." Many other acts are charged, some of them distinctly unlawful, but they are all denied and in view of

the order made by the trial court we must assume that he found such charges made by plaintiff, and denied by defendants, not proven.

2. The term "unfair" as used by organized labor has come to have a meaning well understood. It means that the person so designated is unfriendly to organized labor or that he refuses to recognize its rules and regulations. It charges no moral shortcoming and no want of business capacity or integrity. As applied to a theatre it signifies nothing as to the merits of its performances. As a rule one man has no right to interfere in the business affairs of another, but if his act in so doing is in pursuit of a just purpose to further his own interests he may be justified in so doing, and so long as he does not act maliciously and does not unreasonably or unnecessarily interfere with the rights of his neighbor he cannot be charged with actionable wrong. George J. Grant Construction Co. v. St. Paul Building Trades Council, supra, page 167, 161 N. W. 520, 1055.

3. In Gray v. Building Trades Council, 91 Minn. 171, 97 N. W. 663, 1118, 63 L. R. A. 753, 103 Am. St. 477, 1 Ann. Cas. 172, it was said that whether a publication that an employer of labor is "unfair" is or is not unlawful depends on the circumstances of each case, that a notification to customers that plaintiffs are "unfair" may portend a threat or intimidation, in which case it will constitute a boycott and is unlawful, but that a mere notification of that sort without more is not a threat, is not unlawful and that the trial court was in error in that case in enjoining such conduct. To the same effect is Foster v. Retail Clerks' Int. Prot. Assn. 39 Misc. 48, 78 N. Y. Supp. 860; Butterick Pub. Co. v. Typographical Union No. 6, 50 Misc. 1, 100 N. Y. Supp. 292.

4. The decision in the Gray case is controlling and in accordance with it we hold that the court did not err in refusing to enjoin the use of the banner used in this case, unless its use upon the public street was unlawful. If the banner itself is lawful we are unable to see how the mere display of it by a pedestrian upon a public street is unlawful. It is plain that one displaying it may easily fall into unlawful practices. If it be accompanied by acts that constitute obstruction of the street or of access to plaintiff's place of business, or if accompanied by any words or acts which constitute intimidation or threats, the whole transaction is unlawful and should be enjoined. There are claims of this kind

in plaintiff's complaint and affidavits but they are all denied. The affidavits on the part of defendants negative any acts of this character. They are to the effect that the banner was displayed on the street and not on the sidewalk, that there has been no interference with patrons of the theatre. The trial court has a large measure of discretion in the matter of granting injunctions *pendente lite*. On this showing we are not disposed to override the order of the trial court in refusing a temporary injunction. This is in harmony with the few decisions we find that bear upon this subject. Beaton v. Tarrant, 102 Ill. App. 124; City of St. Louis v. Gloner, 210 Mo. 502, 109 S. W. 30, 124 Am. St. 750; Karges Furniture Co. v. Amalgamated W. Union, 165 Ind. 421, 75 N. E. 877, 2 L. R. A. (N. S.) 788, 6 Ann. Cas. 829; Foster v. Retail Clerks' International Protective Assn. 39 Misc. 48, 78 N. Y. Supp. 860; Searle Mnfg. Co. v. Terry, 56 Misc. 265, 106 N. Y. Supp. 438. See also dissenting opinion of Holmes, J., in Vegelahn v. Guntner, 167 Mass. 92, 44 N. E. 1077, 35 L. R. A. 722, 57 Am. St. 443. In Beaton v. Tarrant, 102 Ill. App. 129, it was said: "Workmen may use the streets and highways in a manner not inconsistent with public travel, for the purpose of entreaty, inducement and peaceable persuasion in good faith, and a patrol or picket may not necessarily imply force or a threat of bodily harm; but to accomplish their purpose they may not overstep the bounds and use threats, abusive epithets or intimidation, or congregate in such number or in such manner or with such a show of force, as is calculated to intimidate a reasonable and prudent man."

If, on a full hearing on the trial on evidence produced by the parties, the court shall find that the charges in the complaint are true, proper relief can then be given, but we are of the opinion that in denying an injunction on the pleadings and affidavits submitted there was no abuse of discretion.

Order affirmed.

Quinn, J, having taken his seat after the case was submitted, took no part.