MINNEAPOLIS ELECTRIC LAMP COMPANY AND OTHERS v. FEDERAL HOLDING COMPANY AND ANOTHER.[1]

December 12, 1924.

No. 24,161.

**Denial of injunction an abuse of discretion.**

1. Record examined and *held* that the trial court abused its discretion in denying an interlocutory injunction.

**Purpose of temporary injunction.**

2. Purpose and object of temporary injunction is to maintain the status quo until the action can be heard and determined on the merits.

**Allowance of such injunction.**

3. Allowance of temporary injunction rests largely in judicial discretion, to be exercised with regard to relative injury and inconvenience which may be likely to result to the parties, respectively, from the allowance or disallowance of such relief, in view of facts of the particular case.

**Review if refusal of such injunction.**

4. Refusal of temporary injunction on pleadings and affidavits of both parties is, for purpose of review, deemed a finding that allega-

[1] Reported in 201 N. W. 324.

tions of complaint and supporting affidavits are not true in so far as they are denied and that the allegation of the answer and rebutting affidavits are true.

### When supreme court will not interfere with trial court's discretion.

5.   The supreme court will not interfere with discretion of the trial court in the granting or refusing of injunction pendente lite, unless the conclusion reached is clearly erroneous and will result in injury which it is the duty of the court to prevent.

### No interference when evidence is conflicting and injury will not be irreparable.

6.   Supreme court will not interfere with action of trial court in granting or refusing temporary injunction where the evidence as to facts is conflicting and no irreparable injury impends.

Action in the district court for Hennepin county to restrain defendants from taking further steps in an action begun in the municipal court of Minneapolis for the recovery of rent or prosecuting other actions in that court. From an order, Salmon, J., denying plaintiffs' motion for injunction pendente lite and discharging the temporary restraining order, plaintiffs appealed. Reversed.

*Stanley S. Gillam* and *Roberts & Strong*, for appellants.
*Jamison, Stinchfield & Mackall*, for respondents.

WILSON, C. J.

This is an appeal from an order denying plaintiff's motion for a temporary injunction and discharging a restraining order.

The Minneapolis Electric Lamp Company is a corporation and the other plaintiffs are its officers. The Federal Holding Company is a corporation and the other defendant is its president. We will herein refer to plaintiff corporation as lessee and defendant corporation as lessor. Lessor made a lease with lessee for the full term of two years beginning January 1, 1921, at an annual rental of $2,100 payable monthly. The lease contains a printed provision to the effect that if neither party gives the other party written notice, at least 30. days prior to the expiration of the term, of intention to

cancel or surrender the same, it should be taken and deemed to have been continued for another year as fully as if said parties had executed a new lease upon the same terms and conditions.

The lessee went into possession, but, finding the premises inadequate for its requirements, on or about September 1, 1921, applied to the lessor for more room, which it was unable to furnish. With the knowledge of the lessor, the lessee negotiated for other premises, which resulted in its leasing another building, and the lessor consented that the lessee might sublet its premises and thereafter signed an indorsement upon the lease to the subtenant giving permission to the lessee to sublet the premises for a period of 11 months from February 1, 1922. This covered the full period of the expressed term.

The complaint alleges that the making of the second lease was pursuant to satisfactory arrangement with defendants. The complaint also alleges that, as a result of negotiations between the parties, lessor agreed to be satisfied if the rent was paid during the term of the lease, namely, up to and including December 31, 1922, and that plaintiffs would be under no liability thereafter on said lease. That thereafter, with the knowledge of the lessor, a rental agency, who procured the second lease for the lessee, negotiated, with the full consent and approval of the lessor, for new tenants to occupy its leased premises and to pay the rent up to and including December 31, 1922. The subtenant took possession, occupied said premises and paid said rent to that date. The complaint also alleges that, relying upon the understanding and statements made by the lessor, it conducted its business operations upon a basis of definite and specific understanding and agreement with lessor, and that the lessor on or about November 20, 1922, began negotiations with the subtenants then occupying its premises and endeavored to enter into a new lease of said premises with said subtenants, all without the knowledge of the lessee. That said subtenants refused to make a new lease with the lessor and that on or about December 29, 1922, the lessor notified the lessee that said lease was automatically extended for one year from January 1, 1923, not by any affirmative act of the lessee, but by reason of its failure

to give a written notice to the lessor. It is claimed that the conduct of the lessor in keeping silent under the circumstances for a period of 15 months about its intention to claim that said lease should continue for another year, contrary to its oral agreement, was unconscionable and inequitable and a fraud upon plaintiffs' rights and that the lessor is estopped to make such a claim, and that the written notice was waived.

The complaint alleges that on or about March 13, 1923, the lessor began an action at law in the municipal court of Minneapolis against the lessee to collect $525 for three months' rent of said premises, and it alleges on information and belief that the action was begun in such municipal court for the purpose of avoiding equitable defenses of estoppel and waiver and of unconscionable conduct on the part of the lessor, due to the limited jurisdiction of such municipal court in equity matters and its lack of power and jurisdiction upon equitable matters, and that the effect of such action in such court would be unjust and inequitable to plaintiffs in that if allowed to proceed to completion the result would be that the lessor would obtain from the municipal court adjudication upon the validity of the claim of the lessor of one year extension of said lease and that the lessee would be deprived of its equitable defenses. It is further alleged that the lessee made such answer as it could, in view of the limited jurisdiction of said court, and, without being fully advised of its rights in the premises, inadvertently went to trial in said court; it appearing in the record, by affidavits, that said answer contained an allegation of an agreement that the lessor consented to a surrender of said premises and agreed that the lease would terminate on January, 1923; and the complaint alleges further that on March 1, 1924, the judge of said municipal court wrote a letter to counsel for lessor advising that he would find for the plaintiff in the municipal court action and requesting counsel to prepare findings accordingly and present the same to the court. Before this was done the present action was started and the complaint alleges that no order, findings or judgment have as yet been entered in said municipal court and it is claimed that, if said action is allowed to proceed to judgment, it would be impossible

for the lessee to adequately present its defenses and justice will be defeated in that the lessee will not be permitted to litigate its real and equitable defenses involved in the existing controversy. It is also claimed that repeated suits may be brought for rent, whereas by this action the validity of the contract may be determined and liability, if any, may be fixed avoiding a multiplicity of suits.

This action asked that the lessor be enjoined from taking any further steps in said municipal court action and from commencing or prosecuting any other action in said court arising out of said lease and adjudging said lease to have expired on December 31, 1922, and that it be canceled and that the lessee is under no liability thereunder and seeking a temporary injunction so restraining the lessor during the pendency of this action and for such other and further relief as might be just and equitable.

At the beginning of the action the usual restraining order was signed and on the return day when the motion for temporary injunction was heard the order was made for which this appeal is now taken.

The purpose and object of a temporary injunction is to maintain the status quo until the action can be heard and determined on the merits. The well-established rule is that the allowance of a temporary injunction rests largely in judicial discretion, to be exercised with regard to the relative injury and inconvenience which may be likely to result to the parties, respectively, from the allowance or disallowance of such relief, in view of the facts of the particular case. Ekeberg v. Mackay, 114 Minn. 501, 131 N. W. 787, 35 L. R. A. (N. S.) 909, Ann. Cas. 1912C, 568. The refusal of a temporary injunction by the trial court, upon the pleadings and affidavits of both parties, is, for the purpose of reviewing in this court, deemed to be in effect a finding that the allegation of the complaint and supporting affidavits are not true insofar as they are denied and that the allegation of the answer and rebutting affidavits are true. George J. Grant Const. Co. v. St. Paul Bldg. Trade Council, 136 Minn. 167, 161 N. W. 520, 1055. The trial court has a large measure of discretion in the matter of granting injunction pendente

lite.    Steffes v. Motion Picture M. O. U. of Mpls. 136 Minn. 200, 161 N. W. 524; Currie v. Silvernale, 142 Minn. 254, 171 N. W. 782. In such matters this court will not interfere, unless the conclusion reached is clearly erroneous and will result in an injury which it is the duty of the court to prevent.    Roraback v. Motion P. M. O. U. of Mpls. 140 Minn. 481, 168 N. W. 766, 169 N. W. 529, 3 A. L. R. 1290.    Of course this court will not interfere with the action of the trial court in granting or refusing a temporary injunction where the evidence as to facts is conflicting and no irreparable injury impends.    Borough of Belle Plaine v. Northern Power Co. 142 Minn. 361, 172 N. W. 217; Berman v. Mpls. Photo Eng. Co. 144 Minn. 146, 174 N. W. 735.    In other words, this court will interfere when the trial court refuses a temporary injunction, only when, in the absence of such relief, an injury will result which the court should prevent.    Where the facts are in dispute and the legal rights of the parties are left in doubt, the action of the court in granting temporary injunction for the protection of rights pending the suit will rarely be interfered with on an appeal.    Goodrich v. Northwestern Tel. Exch. Co. 148 Minn. 219, 181 N. W. 333.

The complaint states a cause of action.    There is no answer, but by affidavits the important allegations of fact in the complaint are denied.    This left the matter in the discretion of the court.    We have no desire to express any view on the merits of the controversy, but it is plain that, if the temporary writ is not granted, the judgment in the municipal court will follow and that will result in a former adjudication so that it will deprive the plaintiffs in this action of their cause of action, if they in fact have one.    Whether the matter in the complaint relative to estoppel could be pleaded in the municipal court, we will not consider.    If it could have been pleaded and determined in that action, the judgment resulting would be res adjudicata, even though it was not in fact pleaded and adjudicated.    If it could not, then that element would be the same as other matters in the complaint which are of such character that they could not come within the jurisdiction of the municipal court. The danger threatened is of such character that it cannot be remedied after it has occurred.    Every litigant should have his day in court.

To so disarm plaintiff of his cause of action was a failure to protect his right resulting in an injury which it was the duty of the court to protect. Here irreparable injury is not only likely but is certain, and it is impossible to see how any harm can result to defendant by granting the relief, recognizing the usual bond protection. Relative convenience and inconvenience preponderates strongly in favor of plaintiff and this should be one of the principal guides for a court in granting or withholding relief by interlocutory injunction. Where the subject matter is of such importance to plaintiff, and cannot possibly harm defendant, judicial discretion calls for affirmative action. Moreover the prosecutions for the collection of rents should have been, under the circumstances, enjoined until the validity of the lease was litigated.

Reversed.