ALPHONSO E. KIEF v. CHIPPEWA COUNTY STATE BANK AND ANOTHER.[1]

May 15, 1925.

No. 24,842.

**Discretion of court to make restraining order pendente lite.**
Whether a restraining order pendente lite shall be made rests in the discretion of the trial court and in the absence of an abuse of such discretion this court will not interfere.

1. See Appeal and Error, 4 C. J. p. 803, § 2768; Injunctions, 32 C. J. p. 29, § 11.

Action in the district court for Chippewa county to restrain defendants from foreclosing a mortgage. From an order, Baker J.,

[1] Reported in 203 N. W. 784.

granting an injunction pendente lite, defendants appealed. Affirmed.

*C. D. Bensel*, special attorney, for superintendent of banks.

*Daly & Barnard*, for respondent.

WILSON, C. J.

The superintendent of banks called upon the president of the appellant bank to make good an overdraft created by a corporation in which the president was interested, and, in compliance with this requirement, he agreed to sell the stock he then owned in the bank, amounting to about $40,000, to whoever would purchase the same and that the proceeds from the sale thereof should belong and be paid to the bank. The president resigned and the stock was given to the cashier of the bank, personally, to be sold and the proceeds given to the bank. The plaintiff, his sister, Anna Kief Moyer, his father, Phillip Kief, and his cousin, John Rademacher, purchased sufficient of this stock to constitute 51 per cent of the capital stock of the bank. In connection with this purchase the plaintiff gave his note to the bank for $7,000 secured by real estate mortgage on lands in the state of Illinois. In connection with the same transaction Anna Kief Moyer gave the bank her note for $12,000 secured by a real estate mortgage on other Illinois lands.

The $7,000 note and mortgage being due and the bank being in the custody of the superintendent of banks, he instituted proceedings to foreclose the mortgage by action commenced in the chancery court of Logan county, Illinois.

The plaintiff commenced this action setting forth that he had purchased his bank stock from the appellant bank and that he was induced to purchase the same through the false and fraudulent statements of the officers of the bank and he sought the cancelation of the note and mortgage. Upon motion, the court made an order enjoining and restraining the appellants from foreclosing the mortgage on the lands of the plaintiff in the state of Illinois and from disposing of the same or the note described therein during the pendency of this action or until the further order of the court. From this order appellant has appealed.

It is contended by the appellant that the respondent could plead in the action pending in Illinois and litigate the same questions that it seeks to litigate in this action.  Whether the court should have made the order from which this appeal is taken rested largely in its discretion and this court will not interfere unless an abuse of such discretion is shown.  Minneapolis Elec. Lamp Co. v. Federal Holding Co. 161 Minn. 198, 201 N. W. 324.  The record does not disclose any abuse of discretion but, on the contrary, it shows that the order was providently made.

Affirmed.