GRACE HOUSE v. ALBERT E. ANDERSON AND OTHERS.[1]

May 1, 1936.

No. 30,828.

*Thomas J. McDermott* and *G. T. McDermott,* for appellant.
*John G. Priebe,* for respondent.

[1]Reported in 266 N. W. 739.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order denying her motion for appointment of a receiver pending foreclosure of mortgaged premises and the expiration of time of redemption.

As the owner and holder of a mortgage upon certain real estate in St. Paul plaintiff brought suit to foreclose the same. The complaint is in the usual form. There is no allegation that the parties personally responsible to plaintiff upon the debt are insolvent, but commission of waste is alleged in that "defendants failed, neglected, and refused to pay the taxes due for the years 1932 and 1933, and said taxes are now delinquent and unpaid"; also, that the mortgaged premises "have deteriorated and depreciated in value to such an extent that they are inadequate security to pay the indebtedness thereon, and said defendants are guilty of waste by reason of their failure to care for said premises in a proper, suitable manner."

While the foreclosure suit was pending plaintiff sought the appointment of a receiver to collect the rents and apply the same upon taxes and repairs and as a basis therefor charged: (1) That "the security of said mortgaged premises is inadequate and deteriorating"; (2) that defendants "have been guilty of waste by failure to pay the taxes"; (3) that the "premises have been deteriorating and greatly depreciated in value by waste committed by said defendants in their failure to keep said premises in a proper state of repair"; and (4) that "defendants intend to permit said waste to continue and are attempting to appropriate all of the rents and profits of said property to their own use."

The matter was submitted to the court upon affidavits, also upon oral evidence. It is urged here that the evidence is such as to compel the conclusion that the trial court erred in not granting plaintiff's motion.

■ It is sufficient to say that we have read the respective affidavits submitted to the court, likewise the oral evidence adduced. We think fact issues alone were presented thereby and that the conclusion reached by the court is supported. We have said time and again that our sole inquiry in reviewing fact issues is whether there is any evidence in the record reasonably tending to sustain the conclusion reached by the trier of fact.

285

"The appointment of a receiver is largely a matter of discretion—a discretion to be cautiously and sparingly exercised. The action of the court will not be reversed on appeal except for a clear abuse of discretion." 4 Dunnell, Minn. Dig. (2 ed.) § 6460, and cases cited under notes. See also John Hancock Mut. L. Ins. Co. v. Meester, 173 Minn. 18, 216 N. W. 329; Minnesota B. & L. Assn. v. Murphy, 176 Minn. 71, 222 N. W. 516.

■ Plaintiff's principal attack is founded upon the admitted fact that taxes were delinquent and amounted to about $300. It appears from the records and files in the case (returned to this court for our information upon plaintiff's request) that after trial had judgment for plaintiff was duly entered, the amount thereof with interest and costs being $1,696.45. Thereafter the premises were sold pursuant to judgment and decree of foreclosure and upon notice as required by statute. Plaintiff bid in the premises at the sale for $1,600, leaving a deficiency of $133.58. At that time the taxes concerning which complaint was made were due, delinquent, and unpaid. These constituted a lien upon the premises prior and superior to plaintiff's lien under her mortgage.

In Marshall & Ilsley Bank v. Cady, 76 Minn. 112, 115, 116, 117, 78 N. W. 978, 979, Mr. Justice Mitchell speaking for the court said:

"Under our statute, a mortgage conveys no legal title to the mortgagee. It is but security for the debt. The mortgagor has the legal title, and is entitled to the possession until a sale has been made, and the title of the purchaser has become absolute at the expiration of the year for redemption. Under this state of the law, a mortgage binds only the land, and the rents and profits of the premises do not enter into, or form any part of, the security. * * * The fact that the premises are inadequate security, or that the mortgagor is insolvent, or both combined, is, of itself alone, no ground for the appointment of a receiver, although it might be a very material consideration in passing upon the propriety or necessity of appointing a receiver for the purpose of preserving the premises. To hold otherwise would be to defeat the provisions of the statute which gives the right of possession to the mortgagor, to

deprive him of those substantial rights which it was the evident intent he should have, and to allow the mortgagee to do indirectly what he cannot do directly."

In Peterson v. Herington, 169 Minn. 65, 67-68, 210 N. W. 617, 618, it is said:

"Plaintiff foreclosed her mortgage (in the name of the bank) and bought the property for $7,000, subject to all paramount liens with reference to which she is presumed to have fixed the amount of her bid. The second mortgage was necessarily subject to the first. At the sale plaintiff must have regulated her bid with a view to the prior liens and only gave what the land was worth over and above such liens. Knowing of such liens she of course would not give the full value of the farm. She, as a purchaser, had the benefit of a reduction in price to the extent of such liens. The amount of her bid, in law, meant that she would take the land subject to such liens. That is, she would pay $7,000 and the first mortgage, interest and taxes."

To the same effect is Holt State Bank v. Hamernes, 171 Minn. 350, 351, 214 N. W. 52, wherein the court used this language:

"When the plaintiff bought at the sale for $2,000 it took into consideration the $575 taxes in fixing the amount of its bid. To permit it to apply the rents on the taxes would be the equivalent of giving it the property for less than it bid; and to apply it on the principal not paid by the sale would be giving it the equivalent of possession during the redemption period. Neither can be done."

In view of these decisions it necessarily follows that the order for review must be and hereby is affirmed.