# FRANCIS M. SEWARD v. WILLIAM SCHRIEBER.[1]

December 18, 1953.

No. 36,112.

---

[1]Reported in 62 N. W. (2d) 48.

*Samuel Dolf* and *M. E. Culhane,* for appellant.
*Max Shapiro,* for respondent.

THOMAS GALLAGHER, JUSTICE.

This is an appeal from an order of the district court vacating a temporary restraining order and denying a motion for the appointment of a receiver. Francis M. Seward, as plaintiff, seeks to recover from William Schrieber, defendant, one-half the sum of $3,390 which was the net proceeds of the amount paid defendant by the Veterans Administration on a written contract covering a wall-cleaning project. The contract was between the Veterans Administration and defendant, but plaintiff alleged that he was defendant's partner in the enterprise and, hence, entitled to one-half the payment described. Defendant denied the partnership and alleged that plaintiff was his employee only.

At the commencement of the action, on plaintiff's complaint and motion, the court issued an order directing defendant to appear and show cause why a receiver for the proceeds of the contract should not be appointed; and, *"pending the hearing on, and final determination* of" the motion which accompanied the order to show cause, the court "restrained and enjoined" defendant from receiving, cashing, or disbursing any checks paid on the project by the Veterans Administration. (Italics supplied.)

On April 21, 1953, the return date of the order to show cause and notice of motion, defendant appeared specially, objected to the court's jurisdiction, and moved for an order vacating the temporary restraining order on the ground that no bond had been furnished in connection therewith. On the same date the trial court ordered the temporary restraining order vacated, denied plaintiff's motion for the appointment of a receiver, and discharged the order to show cause. In a memorandum made part of this order, the court stated:

"* * * The plaintiff having failed to furnish bond, the Court had no jurisdiction to issue a restraining order, and the restraining order issued was a nullity and of no effect. * * *

* * * * *

"It does not appear to the Court that this is a case in which the appointment of a receiver would be warranted. * * * There is no showing here that the property sought to be reached * * * is in the possession of the adverse party, nor is there any showing that there is danger of its impairment. '* * * There is no showing of any kind that the defendant is insolvent and is unable to respond to a money judgment. On the contrary, there is a showing on the part of the defendant that he is solvent and has property."

On appeal plaintiff contends (1) that the trial court had jurisdiction to issue the temporary restraining order without a bond and, hence, erred in vacating it; (2) that the trial court erred in refusing to issue a temporary injunction *pendente lite;* and (3) that it abused its discretion in refusing to appoint a receiver.

■ We fail to find error in the order appealed from. The temporary restraining order by its terms extended only to the return date of the order to show cause and final determination of the motion and actually continued in effect until such time. The order appealed from purported to vacate it simultaneously with its expiration date and, hence, was merely surplusage. It did not affect plaintiff's rights regardless of the bond, since the order by its terms in any event would have expired upon determination of the motion. Further, defendant's verified answer denied the allegations of the complaint upon which plaintiff based his prayer for the temporary restraining order. Where the answer denies the equities of a complaint upon which a temporary restraining order is based, the general rule is that the trial court within its discretion may vacate the restraining order previously issued. Knoblauch v. City of Minneapolis, 56 Minn. 321, 57 N. W. 928. See, also, Hamilton v. Wood, 55 Minn. 482, 57 N. W. 208.

■ Under M. S. A. 585.02 a temporary injunction is authorized where it appears that the commission or continuance of an act

sought to be restrained would work injury to plaintiff during the litigation; or that the person sought to be restrained is doing or threatening some act in violation of plaintiff's rights respecting the subject of the action which would tend to make a judgment therein ineffectual; or that he is threatening to remove or dispose of property with intent to defraud creditors. Whether a new restraining order or injunction *pendente lite* should have been issued under this statutory provision in the instant case rested largely in the discretion of the trial court. Minneapolis Elec. Lamp Co. v. Federal Holding Co. 161 Minn. 198, 201 N. W. 324; Potter v. Engler, 130 Minn. 510, 153 N. W. 1088; Western Union Telegraph Co. v. Industrial Comm. (D. Minn.) 24 F. Supp. 370.

We find no abuse of such discretion. The allegations of the complaint were denied by defendant's verified answer. Conflicting affidavits as to their contractual relationship were submitted by the litigants. Those of defendant denied that plaintiff was his partner and asserted positively that plaintiff was only an employee. They affirmed that defendant had had three prior contracts with the Veterans Administration like the one in controversy all in his name individually; that plaintiff's regular work was that of a roofer and that he had no experience in wall cleaning; that, when plaintiff complained of being unemployed, defendant, who was his son-in-law, agreed to teach him to clean walls so that he might earn money during the slack roofing season; that defendant then employed him on an hourly basis; and that all materials and equipment used on the project were owned and furnished by defendant.

In cases where the evidence upon which a temporary injunction is sought is conflicting, this court will not interfere with the action of the trial court in granting or refusing it. Minneapolis Elec. Lamp Co. v. Federal Holding Co. 161 Minn. 198, 201 N. W. 324; Borough of Belle Plaine v. Northern Power Co. 142 Minn. 361, 172 N. W. 217. In such circumstances we must assume a state of facts as favorable to the prevailing party as the pleadings and affidavits will admit. Minneapolis Elec. Lamp Co. v. Federal Holding Co. *supra;* Steffes v. Motion Picture M. O. U. 136 Minn. 200, 161

N. W. 524. When these principles are applied to the facts evidenced by defendant's verified denial and affidavits, it is clear that there was no abuse of discretion in the court's refusal to issue a temporary injunction or restraining order on the return date.

■ Section 576.01(1) authorizes the appointment of a receiver before judgment where the applicant shows an apparent right to property which is the subject of the action and which is in the possession of the adverse party with consequent danger of its loss or material impairment. Thereunder, we have frequently held that the appointment of a receiver is a matter for the sound discretion of the trial court. Bliss v. Griswold, 222 Minn. 494, 25 N. W. (2d) 302; Schultz v. Brennan, 195 Minn. 301, 262 N. W. 877; Schmid v. Ballard, 175 Minn. 138, 220 N. W. 423; Bacon v. Engstrom, 129 Minn. 229, 152 N. W. 264, 537.

In the instant case there are a number of factors which convince us that there was no abuse of discretion when the motion for the appointment of a receiver *pendente lite* was denied. As previously stated, defendant interposed a verified answer denying all the material allegations of the complaint. By affidavit he affirmed that he was not insolvent and listed a number of his assets. The court's discretion in appointing a receiver must be cautiously and sparingly exercised. House v. Anderson, 197 Minn. 283, 266 N. W. 739. It should apply only where the moving party has no adequate remedy at law. Asleson v. Allison, 188 Minn. 496, 247 N. W. 579. There must be evidence that he is in danger of serious loss or injury. Bacon v. Engstrom, 129 Minn. 229, 152 N. W. 264, 537. The conflict on all these issues here compels the conclusion that the trial court was not in error in exercising its discretion in denying the motion for a receiver.

Affirmed.