**Elner DILLAVOU, et al., Appellant,**

**v.**

**Henry C. PETERS, Respondent.**

**No. C6–83–1782.**

Court of Appeals of Minnesota.

June 19, 1984.

Hoversten, Strom, Johnson & Rysavy, Kermit Hoversten, Austin, for appellant.

Baudler, Baudler & Maus, William J. Baudler, Austin, for respondent.

Heard, considered and decided by WOZNIAK, P.J., and HUSPENI and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Dillavou appeals from an order of the trial court denying his motion requiring respondent Peters' literal compliance with a prior order of the court. That order specified action to be taken by Peters in removing obstructions to the natural flow of water across Dillavou's property. We affirm.

## FACTS

Appellant Dillavou owns property adjoining the north line of respondent Peters' land. Prior to 1976, a natural drainage corridor carried water from Dillavou's property into Otter Creek, which is located on Peters' land. In 1976, Peters built a road along his north property line. The road obstructed the natural flow of water, causing damage to Dillavou's crops and land. Dillavou sought injunctive relief and damages.

Following trial, the court issued an amended order on May 3, 1982 awarding Dillavou damages and requiring Peters to provide Dillavou a drainage outlet "comparable to the natural flow existing" at the time the road was constructed in 1976. The court specified the methods by which such drainage outlet should be provided.

In June, 1982, Dillavou moved the court to find Peters in constructive contempt for failure to restore the area to its natural condition. The court directed Peters to follow the instructions of a Soil Conservation Service expert to effect such restoration.

As a result of the expert's suggestions, the high point of Peters' draw was made lower than the low point on the Dillavou land. Some fill that Peters had used in constructing the road still remained but its removal would not increase the drainage of the Dillavou land.

Dillavou persuaded the expert to reconsider his recommendations. The expert complied, asserting that more soil had to be removed to restore the area to its natural condition.

Peters refused to comply with the further recommendations and the court then informally suggested by letter, that the new recommendations be carried out at Dillavou's expense. The court declined to issue any official order without appropriate motions and a hearing. Dillavou agreed to assume the expense but Peters rejected the court's suggestion. Dillavou then moved to force Peters to comply with its May 3, 1982 amended order "to restore the area to its natural condition." The court denied the motion on the grounds that Peters had "satisfied the Court's order in reference to the north line of his land." Dillavou appeals.

## ISSUE

Did the trial Court abuse its discretion in denying a motion to compel literal compliance with a prior order of the court?

## ANALYSIS

The original court order, as amended on May 3, 1982, detailed with some specificity the steps that were to be taken by respondent Peters to insure a restoration of the natural flow of water from Dillavou's land across Peters. The final order of the trial court, from which this appeal arises, concluded, by way of an attached memorandum, that Peters' work had satisfied the court's previous order.

■ It would have been better had the court made findings of fact and conclusions

of law supporting that ultimate conclusion. *See* Minn.Stat. § 546.27, subd. 1 (1982). Nevertheless, an examination of the attached memorandum of the court, which had been made part of the order,[1] reveals material that may be treated by this court as findings of fact. In addition, a review of the record reveals no serious dispute in the facts, and, in that situation, the absence of trial court findings is no impediment to our review. *Roberson v. Roberson,* 296 Minn. 476, 206 N.W.2d 347 (1973).

■ The soil conservation expert had indicated to the court that the drainage of Dillavou's land could be improved by further work. This same expert stated, prior to the unauthorized solicitation by Dillavou, that the drainage was sufficient. This apparent contradiction entitled the court to use its discretionary powers as to whether there had been sufficient compliance. *See Seward v. Schrieber,* 240 Minn. 489, 492, 62 N.W.2d 48, 51 (1953).

The court's decision cannot be set aside unless clearly erroneous. Minn.R.Civ.P. Rule 52.01. We cannot find such clear error.

## DECISION

The trial court, in its discretion, did not err in denying Dillavou further relief from its prior order of May 3, 1982.

Affirmed.

---

**1.** We can do this to ascertain the facts found by the court upon which it based its order for relief. *Graphic Arts Educational Foundation,* *Inc. v. State,* 240 Minn. 143, 145, 59 N.W.2d 841, 844 (1953).