ARMIN G. ALBRECHT v. AUGUST J. DIAMON.[1]

April 24, 1914.

Nos. 18,592—(82).

**Partnership — appointment of receiver.**

In this action for the dissolution of a partnership, an accounting, and the appointment of a receiver, it is *held:*

(1) On the findings of fact the appointment of a receiver was unnecessary and unjustified.

(2) A receiver should not be appointed in an action for partnership dissolution, unless it is necessary in order to protect the property or the interests of the parties. There was no such necessity in this case.

Action in the district court for Ramsey county for the appointment of a receiver for the purpose of carrying on the business conducted by plaintiff and defendant and to dissolve the partnership between them. The case was tried before Olin B. Lewis, J., who made findings and ordered judgment in favor of plaintiff for the dissolution of the partnership with the right to either party upon notice to apply to the court for the appointment of a receiver of the partnership property. Plaintiff then moved for the appointment of a receiver of the business and defendant moved for an amendment of the conclusions of law. From the order denying defendant's motion to amend the findings and from the order appointing a receiver of the partnership property, defendant appealed. Reversed.

*J. C. Michael,* for appellant.

*T. P. McNamara,* for respondent.

BUNN, J.

Defendant owned an automobile business in St. Paul. August 11, 1911, he and plaintiff entered into a written partnership agreement,

[1] Reported in 146 N. W. 1101.

Note. — On the question of the power to appoint receiver of corporation when no other relief asked, see note in 20 L.R.A. 210.

by the terms of which plaintiff acquired a one-third interest in the business, and a one-third share in the profits. It was agreed that the value of the property belonging to the business was the sum of $9,029.85, and that the price to be paid by plaintiff for his one-third interest was $3,009.95. Of this sum plaintiff agreed to pay and did pay $500 at the time the agreement was made. The balance was to be paid from plaintiff's share of the earnings, monthly or "as often as agreeable to the parties hereto." Plaintiff was permitted to draw from his share of the earnings $50 per month for his own use. It was provided that the business should be continued until plaintiff had paid for his one-third share, with interest, and that then the business was to be incorporated, plaintiff to have one-third of the stock and defendant two-thirds.

This action was brought by plaintiff in December, 1912. The complaint contained various charges of wrongful conduct on the part of defendant, such as failure to keep proper books of account, refusing to permit plaintiff to inspect the books, or to have access to contracts and securities belonging to the partnership, and excluding plaintiff from any voice in the management of the business. The relief demanded was the appointment of a receiver, a dissolution of the partnership, and an accounting.

The answer admitted the partnership agreement, alleged that plaintiff had paid only $500 on account of his one-third interest, and had drawn from the business the sum of $830.13. The charges made in the complaint were denied. The appointment of a receiver was opposed, and defendant offered, if plaintiff was no longer willing to continue the partnership, to let him take over the business at a discount of $2,000 upon the value of the assets as shown by a prior inventory, or that defendant would take the business at the par value of its assets, paying plaintiff the present value of his interest as the same might be determined by the court.

The issues were tried and a decision rendered. The court found the partnership agreement and the value of the business to be as stated; that plaintiff and defendant failed to agree as to the condition or future policy of the business and the interest of the plaintiff therein, and that plaintiff withdrew from actual participation in the

business January 1, 1913, since when defendant had been in full possession and control. It found that each of the charges made in the complaint, and hereinbefore referred to, was untrue. The court made an accounting, which showed fully and completely the value of the assets of the business, the value of plaintiff's interest therein, the liabilities, and the exact state of the account as between plaintiff and defendant. It fixed the value of plaintiff's one-third interest at $3,009.95, of which he had paid but $500. Adding interest on the unpaid balance, and the amount withdrawn by plaintiff, and deducting plaintiff's share of the net gain during the year, the result showed plaintiff indebted to defendant in the sum of $3,087.74, or in excess of the value of his interest in the business. As conclusions of law, it was determined that plaintiff was entitled to judgment that the partnership be dissolved; that in the event the parties failed to agree upon a settlement of their accounts and a winding up of the partnership within 30 days, either party might apply for the appointment of a receiver, and that in the event of such appointment the assets and business of the partnership should be converted into cash by the receiver, and, after paying expenses and the liabilities of the partnership, that the balance should be divided between the partners in proportion to their interests. It was further provided that the interest of plaintiff in the business should, after paying liabilities and expenses, be turned over to defendant in satisfaction of his claim against plaintiff of $3,087.74.

The parties failed to agree, and after the 30 days had elapsed, plaintiff applied for the appointment of a receiver. At the same time defendant moved to amend the conclusions of law. Defendant's motion was denied, and a receiver appointed. Defendant appealed from the order.

The appeal involves only the question whether the appointment of a receiver was justified under the findings of fact. We think it was not. The court had made a dissolution. After the decision, defendant paid all of the outstanding indebtedness of the partnership, and offered, if the conclusions of law were amended as requested, to surrender all claims which he had against plaintiff, and to give a bond to secure plaintiff against any debt or claim arising out of the business.

We are unable to see how, under the circumstances, a receiver would benefit either plaintiff or defendant, or how the appointment was at all necessary to the dissolution of the partnership and the winding up of its affairs. The court definitely settled the accounts of the parties; nothing would in the end be coming to plaintiff. A receivership would add expense and ruin a going business, without helping anybody, as there were no creditors, and when the receiver sold the assets and deducted his fees and expenses the entire balance would go to defendant. The court below had and has full power to do justice between these parties without the cost and injurious effect of a receivership. While an application for the appointment of a receiver in an action for partnership dissolution and settlement is addressed to the discretion of the court, it should not be granted unless it is necessary in order to protect the property, or the interests of the parties. 30 Cyc. 726. There was no such necessity in this case.

Order reversed.