VERNARD W. McKAY v. MINNESOTA COMMERCIAL MEN'S
ASSOCIATION.[1]

January 11, 1918.

No. 20,647.

**Accident insurance — total disability — request to charge jury.**

1. Plaintiff, a traveling salesman, was injured in a railway collision.
The fact that he continued his journey and two days later made another
journey did not establish as a matter of law that his disability to follow
his vocation was not total at the time of the accident, and instructions
to that effect were properly refused. An instruction which was suf-
ficiently covered by the general charge was also properly refused.

**Same — evidence.**

2. Receiving the proofs of claim in evidence "for all the purposes for
which they are properly admissible" was not error.

**Pleading — supplemental answer.**

3. Whether the filing of a supplemental answer shall be permitted at the
trial is discretionary with the trial court.

**Abatement and revival — assignment of proceeds of litigation.**

4. Where a plaintiff, pendente lite, assigns the proceeds of the litiga-
tion but not the cause of action, he still retains a sufficient interest
therein to entitle him to continue the action as plaintiff.

**No reversible error.**

5. There were no reversible errors in the rulings at the trial nor in the
charge.

Action in the district court for Hennepin county to recover $1,300
upon defendant's accident policy. The defense is set out in the second
paragraph of the opinion. The case was tried before Fish, J., who
when plaintiff rested denied defendant's motion to dismiss the action and
at the close of the testimony defendant's motion for a directed verdict
in favor of plaintiff for $150, and a jury which returned a verdict for
$1,164. From an order denying its motion for judgment in favor of

[1]Reported in 165 N. W. 1061.

plaintiff for $150 notwithstanding the verdict or for a new trial, defendant appealed.     Affirmed.

*Rieke & Hamrum,* for appellant.

*G. A. Will,* for respondent.

TAYLOR, C.

Plaintiff, a traveling salesman, resided in the city of Minneapolis but traveled in the state of Iowa, and while in that state made his headquarters at Cresco.   He carried accident insurance in defendant association.   On the evening of July 29, 1915, while on his way to his home at Minneapolis, the train on which he was riding collided with a freight train, and he sustained an injury to his head.   He continued his journey and arrived at his home in the afternoon of the following day, Friday, July 30.   He remained at home until Sunday evening suffering a severe pain in his head, which his wife vainly tried to alleviate by applying cold cloths.   On Sunday evening he insisted on going out on his trip and took the train for Blockton, Iowa, where he arrived about noon on Monday.   On reaching Blockton his condition was such that, instead of attempting to do any business, he immediately went to bed at the hotel where he remained until Wednesday, when he was assisted to the train and went to Cresco and consulted a physician. He was treated by the physician on that day, and on the next day, by advice of the physician, he went to a hospital and had an X-ray photograph made.   After an examination of the X-ray, he was informed that he would be laid up a long time and returned home.   On reaching home, he called Doctor Hedback under whose care he remained until the following March.   In September, at the request of his employers, he went to Council Bluffs, but reached there in such a condition that he immediately went to bed where he remained until his wife came and brought him home.   He was not able to resume his duties until March, 1916.

He brought suit upon the contract of insurance.   The contract provided for an indemnity of $50 per week for a period not exceeding 26 weeks for a total disability resulting from an injury sustained while riding as a passenger on a passenger train and caused by an accident to such train. Plaintiff sought to recover under this provision.   The

contract further provided that, in case of accidental injury, "which at the time of happening does not immediately cause total disability, but which shall result in total disability at a date later than the happening thereof * * * then and in all such cases, there shall be paid such member for and during the time of total disability, a weekly benefit of $12.50 for 12 consecutive weeks." In its answer defendant admitted the contract of insurance; but asserted that plaintiff's total disability was not immediate, and that he was only entitled to $12.50 per week for 12 weeks, or $150 in all, and tendered judgment for that amount. The principal controversy at the trial was whether total disability dated from the time of the accident or from a later time. The trial resulted in a verdict of $1,164 for plaintiff. Defendant made a motion for judgment in plaintiff's favor for only the amount tendered, or for a new trial, and appealed from an order denying the motion.

Defendant insists that because plaintiff continued his journey to his home, and thereafter went by rail to Blockton and from there to Cresco, his period of total disability did not begin until he reached Cresco, although he had been unable to perform any of the duties of his vocation other than to ride upon the train. By riding upon the train and being compelled to take to his bed in consequence of doing so, he accomplished nothing in furtherance of his business. The jury found that his total disability dated from the time of the accident, and we find ample evidence to sustain that finding.

Defendant presented three requests for instructions. The first and second were incorrect and properly refused. The first because it stated as a matter of law that the disability was neither immediate nor total; the second because it implied that the fact that plaintiff continued his journey to his home and was able to travel upon the railroad established that his disability was not total at the time of the accident. The third was in the language of the by-law to the effect that if the injury did not immediately cause total disability but resulted in total disability later, the amount of the recovery was $12.50 per week for not more than 12 consecutive weeks. While this instruction was proper enough, the point covered by it was clearly and fairly submitted to the jury in the general charge and that was sufficient.

Plaintiff offered in evidence the proofs of claim which he had filed with defendant and which were made out on blanks furnished by defendant. Defendant inquired: "Will they be received only for that purpose (to prove the filing of the proofs of claim), or for the purpose of the contents that they show?" To which the court replied: "They will be received for all the purposes for which they are properly admissible." Defendant assigns this as error but we think the assignment not well taken. Their contents were admissible for the purpose of showing whether the proofs were such as were required by the by-laws.

Defendant offered in evidence an assignment from plaintiff to H. H. Wadsworth of any and all sums that should become due plaintiff as the proceeds of this litigation executed pendente lite, and urges that the ruling excluding it was error. The answer raised no issue as to plaintiff's right to recover whatever amount should be found to be due under the contract, but on the contrary tendered him judgment for $150 admitted to be due.

Defendant made no application to file a supplemental answer until it offered the assignment in evidence at the trial, and whether permission to do so should be granted at that time was discretionary with the trial court. Brown v. Kohout, 61 Minn. 113, 63 N. W. 248. The assignment, even if it had transferred the cause of action instead of transferring whatever sum should be recovered in the action, would not have barred the continuance of the action in the name of plaintiff. G. S. 1913, § 7685. But the assignment, being only of the proceeds of the litigation, apparently contemplated that plaintiff should continue the litigation to a final judgment. Furthermore, where a plaintiff's rights as between himself and his assignee pendente lite will be affected or determined by the outcome of the suit, he has a sufficient interest therein to entitle him to continue its prosecution as plaintiff. Walker v. Sanders, 103 Minn. 124, 114 N. W. 649, 123 Am. St. 276. The amount of the payment to Wadsworth depended upon the outcome of the litigation and the ruling was not error.

Defendant also complains of various rulings made during the trial.

Doctor Hedback testified to plaintiff's condition from August 9 until the following March, and that he knew that plaintiff was a traveling salesman whose duties required him to travel from place to place selling

his wares. The doctor was then asked: "From your examination of him and your knowledge of the case, would you say that he was capable of performing his duties as a salesman during the times you examined him?" Thereupon the following took place:

Mr. Rieke: "That is objected to as irrelevant, incompetent, immaterial—the witness has not shown himself qualified to testify as to this plaintiff performing his duties; no foundation laid."

The Court: "What more would be needed? Is it necessary that he serve an apprenticeship at the business in order to give an opinion as to his capacity?"

Mr. Rieke: "Does it follow, your Honor, that this witness, a physician, knows what the duties are of plaintiff in conducting his business? It strikes me—and I am making it in good faith—that there is no foundation laid; the witness has not shown himself qualified to testify."

The Court: "He may answer."

We have given this colloquy in full because defendant makes it the basis of its complaint concerning the rulings. The doctor was asked his opinion as an expert. It was competent for him to state whether in his opinion plaintiff was capable of engaging in physical and mental exertion, and, if so, to what extent. The question asked may not have been technically accurate in that it did not confine the doctor to a statement of his opinion as to the extent to which plaintiff could properly engage in physical and mental labor. The objection was not put upon this ground, but, even if it had been, we could not reverse for a mere technical error which was clearly without prejudice. Defendant does not complain of the ruling so much as of the remark accompanying it. While the remark was unnecessary, we think defendant is inclined to magnify its importance, and that it was without substantial prejudice to defendant's rights. Defendant contrasts this ruling and remark with a ruling and remark made on the following day and seeks to infer prejudice therefrom. On the following day defendant called an expert and, after reciting the various trips made by plaintiff, asked the expert whether in his opinion plaintiff was totally disabled immediately after the injury. The ruling excluding the question was clearly right for the question, even if otherwise permissible, omitted the very important element of plaintiff's condition during and at the termination of these

trips as shown by the evidence. And we find nothing prejudicial in the remark of the court to the effect that the physicians could inform the jury as to what they found and what the consequences were likely to be, but could not be allowed to decide the issue as to disability.

Defendant also complains of the charge of the court, not as incorrectly stating the rules of law, but as tending to bias the jury against defendant. The charge was somewhat argumentative, but the material questions were all submitted to the jury for determination, and we think defendant has no substantial ground for complaint.

Defendant has raised several other questions, none of which have been overlooked, but which require no special mention.

Order affirmed.