JAMES N. JACOBS, SUBSTITUTED FOR ISAAC JACOBS, v.
SAMUEL J. JACOBS AND ANOTHER.
IRA KARON, EXECUTOR OF ESTATE OF ISAAC JACOBS,
RESPONDENT.[1]

January 14, 1949.

No. 34,768.

[1]Reported in 35 N. W. (2d) 611.

*Bundlie, Kelley, Finley & Maun,* for appellant.

*Clifford W. Gardner* and *Daniel John O'Connell,* for respondent James N. Jacobs.

*Silver, Green & Goffstein,* for respondent Ira Karon as executor of the estate of Isaac Jacobs.

MAGNEY, JUSTICE.

In April 1946, an action was instituted by Isaac Jacobs against Samuel J. Jacobs and George Jacobs for the dissolution of the partnership doing business as Jacobs Furniture Company, for an accounting, and for the appointment of a receiver. He also charged in his complaint that Samuel had converted to his own use certain partnership assets and had purchased certain pieces of real estate with partnership funds. Samuel in his answer denied the allegations with respect to the conversion of partnership property and expressed a willingness to have the partnership dissolved and an accounting had. Other allegations in the complaint and answer are immaterial here. The action did not come to trial.

Isaac died testate November 29, 1946. On January 2, 1947, Ira Karon was appointed executor and qualified as such.

The action lay dormant until shortly before May 5, 1948. On that day, the court made an order substituting James N. Jacobs as plaintiff in the stead of Isaac. On May 17, 1948, the court denied the motion of defendant Samuel J. Jacobs (hereinafter referred to as defendant) for an order vacating the order of May 5, and corrected the second paragraph of the order of May 5, which read: "Mr. Clifford Gardner appeared for the moving party. Mr. Gerhard

Bundlie appeared for Samuel Jacobs * * *," so as to read: "Mr. Clifford Gardner appeared for the moving party, James N. Jacobs. Mr. Gerhard Bundlie appeared for Samuel Jacobs, in opposition to the motion." Defendant appeals from both orders.

Isaac and Samuel, father and son respectively, for some time prior to August 28, 1923, had operated a furniture business in St. Paul as partners. On that day they entered into a partnership agreement in writing. Defendant George Jacobs, another son of Isaac, had an interest in the partnership, which was set out in the agreement, but which gave him no say in the management of the partnership.

Defendant sets out three assignments of error. They all center on the proposition that the court erred in directing and ordering that James be substituted as plaintiff in the place of Isaac.

On June 25, 1945, which of course was prior to the bringing of the action, Isaac executed a power of attorney to his son James. It reads in part as follows:

"* * * I * * * do hereby irrevocably * * * appoint James N. Jacobs my true and lawful attorney-in-fact for me and in my name to

"(a) Make a complete examination of all the books and records of Jacobs Furniture Co. * * *

"(b) Make a thorough investigation concerning the business affairs of said * * * Co.

"(c) Employ council and auditors * * *.

"(d) Institute such legal proceedings as may be necessary, *in my name or in his name,* as my said attorney-in-fact, for the purpose of protecting my interest in the * * * Company and for the purpose of recovering any money and property belonging to the * * * Co. which may have been unlawfully and illegally taken and appropriated by any person or which may be due and owing to the * * * Co. from any person, firm or corporation and arising in any manner whatsoever.

* * * * *

"I hereby expressly agree that any and all moneys or property which my attorney-in-fact shall recover * * * over and above the

amount of my interest in the Jacobs Furniture Co. as the same now appears on the books of said company shall become the separate property of my said attorney-in-fact and my son George Jacobs, and because of the interest in said money and property hereby given and credited to my said attorney-in-fact, I do hereby acknowledge and agree that this power of attorney shall constitute an authority coupled with an interest and that the same shall be irrevocable, and that the same shall bind myself, my heirs, executors and administrators, personal representatives and successors and assigns." (Italics supplied.)

In the early part of 1947, Ira Karon, as executor of the estate of Isaac, deceased, brought an action under the declaratory judgments act against James and George alleging among other things that subsequent to the commencement of the action brought by Isaac against Samuel and George the parties thereto amicably divided certain of the physical assets of the partnership, so that the pending action would appear to involve mainly the recovery of funds claimed to have been diverted by the defendant Samuel. It was further alleged that certain of the heirs of the estate claimed that the power of attorney given by Isaac to James was champertous, void, and unenforceable, and that if any recovery should be had in the original action the proceeds thereof would belong to and become a part of the assets of the estate. It also alleged that James and George claimed that the power of attorney was a legal, valid, and enforceable instrument, and that they were entitled to the rights, interests, and benefits which the instrument purported to give them. The court decided that the questioned paragraph of the power of attorney, being the last paragraph of said instrument quoted above,—

"is construed to mean that Isaac Jacobs is entitled to the amount of his interest in the Jacobs Furniture Company, as the same appeared on the books on June 25, 1945, subject to the rights of Samuel J. Jacobs as fixed in the partnership agreement and in the stipulation disposing of certain property in connection with the dissolution

suit commenced in Isaac Jacobs' name and pending in the District Court of Ramsey County, Minnesota.

### "III.

"The quoted paragraph in the power ·is further construed to mean that everything recovered in excess of the interest held by Isaac Jacobs, as disclosed by the books on June 25, 1945, belongs to James N. Jacobs and George Jacobs equally, after the payment therefrom of expenses of collection, subject, however, to the rights of Samuel J. Jacobs as fixed in the partnership agreement and in the stipulation disposing of certain property in connection with the dissolution and accounting suit."

Judgment was entered accordingly.

In view of the court's holding in the declaratory judgments action involving the power of attorney, and the fact that the assets of the partnership had been divided, the executor takes the position that the estate of Isaac Jacobs is no longer interested in the prosecution of the original action, and consequently he refused to do so. At the same time, he is unwilling to consent to a dismissal of the same.

On motion, the court substituted James as plaintiff. Defendant insists that the court erred in doing so.

■ Defendant claims that no identifiable person made the application for substitution. It is true that technically the motion could have been in better form, but it is evident that the motion was made by counsel in behalf of James to have James substituted as plaintiff. The trial court was satisfied that counsel appeared for James as the moving party, and in its amended order so indicated. We see no occasion to further discuss this matter.

■ M. S. A. 540.12 provides:

"No action shall abate by reason of the death or disability of a party, or the transfer of his interest, if the cause of action continues or survives. In such cases the court, on motion, may substitute the representative or successor in interest, or, in cases of transfer of interest, may allow the action to proceed in the name of the original party."

The only statutory basis which would justify the court in this case in substituting James for Isaac as plaintiff is that James is the successor in interest. It is evident from what has been stated that the estate of Isaac has no further interest in the litigation, and the representative of Isaac's estate refuses to proceed with it. Also, it is equally evident that James and his brother George are the only real parties who are interested in the subject of the litigation, or, probably more correctly stated, in that part of the litigation which has not been disposed of.

Defendant contends that because James claims an interest in the outcome of the litigation his proper procedure is to petition the court for permission to intervene.

It is true, as defendant contends, that an action for conversion of partnership property cannot be maintained by one partner against another where there has been no accounting or division of property by agreement. It was so held in Ruschoff v. Wachsmuth, 185 Minn. 579, 242 N. W. 296, and Grimes v. Toensing, 200 Minn. 321, 273 N. W. 816.

■ If the complaint herein is vulnerable because it sought recovery by one partner against another for conversion of partnership assets, where there had been no accounting or division of property by agreement, defendant at no time raised the question until the matter of substitution arose. At the time the court made its order substituting James for Isaac an accounting and division of property had been made, so that in point of time the action for conversion followed the winding up of the partnership, and could then be maintained.

■ Defendant also contends that intervention and not substitution is the proper remedy in this action. Where, *pendente lite,* the whole beneficial interest in the cause of action is assigned and transferred, the right of substitution arises. If by the terms of the assignment the plaintiff retains any substantial interest in the further prosecution of the action, or may become liable to the assignee if the action fails, intervention by the assignee, and not substitution, is the proper remedy. Walker v. Sanders, 103 Minn. 124, 114 N. W.

649; McKay v. Minnesota Commercial Men's Assn. 139 Minn. 192, 165 N. W. 1061; 5 Dunnell, Dig. & Supp. § 7330. Of course, in this action there is no assignment of plaintiff's interest. But, in view of the power of attorney given James by Isaac, the estate of Isaac, after there had been an accounting and division of partnership property, had completely eliminated itself from any interest in the litigation. This is not a case where plaintiff retained any interest in the further prosecution of the action. In fact, the executor of the estate of Isaac refuses to proceed, because the estate has no further interest in the matter. Such being the situation, is there any legal reason why James, who has a beneficial interest in the litigation and who is also acting for his brother George, who has a similar interest under the terms of the power of attorney, should not be substituted? If intervention is not a proper remedy under our facts and substitution also is not a proper remedy, then the action is dead, and plaintiff's only recourse would be to bring a new action, in which case undoubtedly he would be met with the defense of the statute of limitations as to many items of his claim.

Section 540.12, quoted above, provides that upon the death of a party the court "may substitute the representative or successor in interest, * * *." Though the statute is in its terms permissive and not mandatory, the court is not at liberty to exercise an arbitrary discretion, but in case of death, at least of the plaintiff, where the action cannot otherwise proceed, substitution should always be allowed unless good cause is shown to the contrary. 5 Dunnell, Dig. & Supp. § 7331. In Landis v. Olds, 9 Minn. 79 at p. 83 (90 at p. 93) it is said:

"* * * In case of the death of the plaintiff, his executor would usually be entitled to substitution, though not necessarily so, as he might not be the 'successor in interest' of the particular property in litigation."

In Willoughby v. St. Paul German Ins. Co. 80 Minn. 432, 436, 83 N. W. 377, 378, the court held:

458

"* * * The word 'representative,' as used in this statute, is not necessarily limited to executors or administrators of the deceased person, the usual meaning of the term 'personal representative.' The word is used in section 5171, in the general signification of the term, as including not only executors and administrators, but also all who occupy the position held by the deceased party, succeeding to his rights and liabilities. Anderson, Law Dict. 883; McCampbell v. Henderson, 50 Tex. 601."

In this case, the estate of Isaac has no longer any interest in the litigation, and for that reason the representative refuses to proceed. James is a successor in interest to that part of the litigation which is undisposed of. The statute is permissive, and it would seem that the court did not abuse its discretion in substituting James for Isaac as plaintiff.

Orders affirmed.

[1]Reported in 35 N. W. (2d) 606.