MUTUAL BENEFIT LIFE INSURANCE COMPANY v.
FRANTZ KLODT & SON, INC., AND OTHERS.
FRANKLIN PARK TOWERS CORPORATION,
AND ANOTHER, RESPONDENTS.

237 N. W. 2d 350.

November 21, 1975—Nos. 45765, 45814.

*Faegre & Benson, James A. Dueholm,* and *Thomas L. Kimer,* for appellant.

*Rosen, Kaplan & Ballenthin* and *William S. Rosen,* for respondents.

PER CURIAM.

Appeal from an order of the Hennepin County District Court denying appellant's motion for appointment of a receiver pendente lite.[1] We affirm.

This dispute involves a large apartment complex in the city of Minneapolis. Construction was financed by a loan of $3,-100,000. This loan was evidenced by a promissory note for that

---

[1] Appellant's petition for discretionary review is granted pursuant to Rule 105.01, Rules of Civil Appellate Procedure.

amount, dated June 7, 1971, between respondents Franklin Park Towers Corporation (Franklin Park) and Frantz Klodt & Son, Inc. (FKSI) as makers and Eberhardt Company as payee. The property is secured by a mortgage of the same date between Franklin Park and FKSI as mortgagors and Eberhardt as mortgagee, and by an assignment of rents, also dated June 7, 1971, between Franklin Park and FKSI as assignors and Eberhardt as assignee.

Subsequently the note, mortgage, and assignment of rents were assigned by Eberhardt to the First National Bank of Minneapolis, who in turn assigned them to appellant, Mutual Benefit Life Insurance Company. In February 1973, Franklin Park acquired full record title to the subject property by a quitclaim deed from FKSI.

Evidence presented to the lower court indicates that the monthly payments on the promissory note for May through September 1974 and real estate taxes due and payable Oct. 31, 1974, have not been paid.

On August 5, 1974, appellant commenced this action to foreclose the mortgage and enforce the assignment of rents. On January 20, 1975, during the pendency of this action and prior to any foreclosure sale, appellant brought an alternative motion for appointment of a receiver to collect rents: (1) to be applied generally in accordance with the assignment of rents, or (2) to be held during trial, or (3) for the payment of real estate taxes and assessments, hazard insurance, and repairs. Appellant contended before the district court that it was entitled to appointment of a receiver as a matter of law. The lower court denied the motion on the basis that the required equitable showing for the necessity of a receiver had not been made. We affirm.

Appellant's motion for a receiver was brought pursuant to Minn. St. 576.01(1), which provides in part:

"A receiver may be appointed in the following cases:

(1) Before judgment, on the application of any party to the action who shall show an apparent right to property which is

the subject of such action and is in the possession of an adverse party, and the property, or its rents and profits, are in danger of loss or material impairment, except in cases wherein judgment upon failure to answer may be had without application to the district court."

The judicial construction of this statute has been uniform throughout the years. The elements needed to be shown by an applicant for a receiver are perhaps best set forth in Minnesota Bldg. & Loan Assn. v. Murphy, 176 Minn. 71, 222 N. W. 516 (1928). In that case we reversed an order appointing a receiver to take possession and collect rents upon property being foreclosed by action where the only justification for a receiver was nonpayment of taxes. Therein it was stated:

"* * * Again, another essential prerequisite for a receivership in a foreclosure of a mortgage is the insolvency of the debtor. The purport of all our decisions upon the subject is that unless exceptional circumstances appear the one requesting the appointment of a receiver has the burden of proving by clear and convincing evidence the insolvency of the debtor, inadequacy of the security, and waste. Seldom will the presence of only one or two of the three conditions stated justify a receiver during the year of redemption. Marshall & Illsley Bank v. Cady, 76 Minn. 112, 78 N. W. 978; Nielsen v. Heald, 151 Minn. 181, 186 N. W. 299, 26 A. L. R. 29." 176 Minn. 75, 222 N. W. 518.

We have also held that the appointment of a receiver pendente lite is an equitable remedy, to be granted or denied in the exercise of a court's discretion [2] and not on the ground that the applicant is entitled to it as a matter of law. In Straus v. Straus, 254 Minn. 234, 240, 94 N. W. 2d 679, 683 (1959), we said:

"This court has repeatedly said that courts will proceed with great caution in granting an application for a receiver to take possession of property pendente lite; that such application is

---

[2] 16 Dunnell, Dig. (3 ed.) § 8248.

addressed to the discretion of the trial court and will not be granted in a doubtful case; that the showing must be clear, strong, and convincing; and that the application will be granted only under circumstances requiring summary relief or where the court is satisfied that there is imminent danger of loss and where there is no adequate remedy at law."

It appears from the record that appellant made an insufficient showing to the lower court of the equitable reasons that would justify the appointment of a receiver. Its contention is that it is entitled to such relief as a matter of law.

The main thrust of appellant's argument is that the 1969 amendment to Minn. St. 559.17,[3] adding the present second sentence, permits the appointment of a receiver as a matter of law without any equitable showing where there is a valid assignment-of-rents agreement. All that statutory amendment accomplished was to allow mortgagees to take an assignment of the rents as separate security for the mortgage debt itself, in addition to the security provided by the property. Prior to the amendment, such an assignment would have been invalid. Nothing therein expanded the remedies of the mortgagee, upon default, with respect to enforcement of its security. As a lien-theory state, Minnesota courts have acknowledged that the mortgagor retains his rights to possession and to rents and profits during default and after the foreclosure sale during the redemption period.

We recently held in Cross Companies, Inc. v. Citizens Mortgage Investment Trust, 305 Minn. 111, 232 N. W. 2d 114, 115 (1975):

---

[3] Minn. St. 559.17 provides: "A mortgage of real property is not to be deemed a conveyance, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure. Nothing contained herein shall be construed to prevent a mortgagor from assigning, as additional security for the debt secured by the mortgage, the rents and profits from the mortgaged real property, and such an assignment shall be valid whether contained in the mortgage instrument itself or in a separate instrument."

"The rights of a mortgagee, under a mortgage and a contemporaneous assignment of lease, to possession of the real estate and collection of rents and profits terminate upon a foreclosure sale for the full amount of the indebtedness. Minn. St. 559.17 does not authorize possession and control of the rents and profits during the period between the foreclosure sale for the full amount of the indebtedness and the expiration of the period of redemption."

We must assume, on the record before us, that since there is no finding by the trial court of waste, insolvency of the mortgagor, and inadequacy of the security, appellant has an adequate remedy at law through foreclosure of the mortgage.

Nothing in Minn. St. 559.17 abolishes the requirement of showing circumstances necessitating equitable relief in order to obtain the appointment of a receiver. All the amendment did was to validate a previously invalid type of security arrangement, a type involved here. The same claim which appellant raises here was asserted and rejected in Woodmen of the World v. Sears, Roebuck & Co. 294 Minn. 126, 200 N. W. 2d 181 (1972). In that case an assignment of a shopping center lease was given as additional security for the mortgage debt. Its purpose was for the payment of real estate taxes from the rents collected, and it was supported by the same consideration as the mortgage—factors similar to the assignment-of-rents agreement present in this case. Therein we stated, in reversing the order appointing a receiver (294 Minn. 131, 200 N. W. 2d 184):

"The real thrust of Woodmen's claim is that the assignment of the lessor's interest in the Sears lease is 'a separate and distinct feature of the financing that provides separate and distinct remedies to the assignee thereof,' independent of the usual equitable grounds required for the granting of a receivership. We hold that the lease was an integral part of the financing arrangement, and, as a matter of law, not so separate and distinct as to authorize a receivership without compliance with the usual conditions for a receivership."

In order to obtain a receiver pendente lite under Minn. St. 576.01(1), the applicant must show circumstances requiring equitable relief. Further, a mortgagee or holder of an assignment of rents must show that there is imminent danger of loss and that there is no adequate remedy at law. Usually such a showing will require proof that (1) the mortgagor is insolvent; (2) the mortgagor was committing waste; and (3) the value of the security is inadequate to cover the mortgage debt. Without some such equitable showing a court should not exercise its discretionary authority to grant a request for the appointment of a receiver.

For the reasons stated in this opinion, the order is hereby affirmed.

Affirmed.