Wayne L. BROWN, et al., Appellants,

v.

Forrest MUETZEL, et al., Respondents.

No. C1–84–792.

Court of Appeals of Minnesota.

Dec. 11, 1984.

Robert S. Abdalian, Ward & Oehler, Ltd., Rochester, for appellants.

Mary P. Walbran, Walbran, Walbran & Walbran, Owatonna, Louis J. Moriarty, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

## OPINION

LANSING, Judge.

This is an appeal from an order appointing a receiver to manage a farm pending the outcome of litigation regarding its purchase. Appellants contend the trial court erred in appointing a receiver because respondents failed to prove the necessary conditions by clear and convincing evidence. We remand.

## FACTS

Wayne Brown is an accountant from Woodstock, Illinois. He and two others purchased a farm in Owatonna, Minnesota, by contract for deed from the Muetzels in August 1982. The price was $1,370,000, payable in installments over ten years. They also agreed to pay $56,500 in realtor's fees in two installments, due in July 1983 and July 1984. The land was subject to an underlying mortgage for about $264,000 held by Phoenix Mutual Insurance Co. In February 1983 the Muetzels, with the buyers' consent, obtained a second mortgage on the property from Thorp Credit & Thrift Co. for $360,000.

The buyers failed to pay the first installment of realtor's fees due in July 1983. They also failed to make the $112,000 payment on the contract due on December 28, 1983. Instead they filed suit, alleging that the Muetzels misrepresented the amount of tiling, the size of gravel deposits, and the corn yield. They asked for both rescission of the contract and damages.

The Muetzels counterclaimed, alleging default on the contract and asking for appointment of a receiver, a judicial sale, and contract damages. They alleged that the buyers' failure to make the contract payment caused them to default on the underlying mortgage payments and risk foreclosure. They also argued that the suit for rescission was merely an attempt to force them to invoke the statutory cancellation procedures in Minn.Stat. § 559.21 (1982 & Supp.1983) and thus forego their contract damages, because land values had declined significantly since the sale.

In April 1984 the trial court granted the Muetzels' motion and appointed a receiver,

who took possession and has operated the farm since that time.

## ISSUES

1. Is an order appointing a receiver pendente lite appealable under Minn.R.Civ.App.P. 103.03(g)?

2. Did the trial court abuse its discretion in appointing a receiver?

## ANALYSIS

### I

Rule 103.03(g) provides that an appeal may be taken from "a final order, decision or judgment affecting a substantial right made in an administrative or other special proceeding."

Minnesota case law provides little guidance in determining whether appointment of a receiver in this situation is a final order made in a special proceeding. Although there are numerous cases deciding the propriety of an order appointing or refusing to appoint a receiver, the statutory basis for review is unclear. *See Woodmen of the World Life Insurance Society v. Sears, Roebuck & Co.*, 294 Minn. 126, 200 N.W.2d 181 (1972); *Straus v. Straus*, 254 Minn. 234, 94 N.W.2d 679 (1959); *Seward v. Schrieber*, 240 Minn. 489, 62 N.W.2d 48 (1953); *Owens v. J.L. Owens Co.*, 161 Minn. 6, 200 N.W. 845 (1924); *Albrecht v. Diamon*, 125 Minn. 283, 146 N.W. 1101 (1914). In *Mutual Benefit Life Insurance Co. v. Frantz Klodt & Son, Inc.*, 306 Minn. 244, 237 N.W.2d 350 (1975), however, the court specifically noted that it had granted discretionary review to hear an appeal of an order denying appointment of a receiver during the pendency of a foreclosure action. *Id.* 237 N.W.2d at 351 n. 1.

This does not resolve the question of whether such orders are appealable under Rule 103.03(g). A special proceeding has been defined as:

> any civil remedy in a court of justice which is not of itself an ordinary action and which, if incidental to an ordinary action, independently of the progress and course of procedure in such action, *terminates in an order which, to be appealable* [within the meaning of the rule] *must adjudicate a substantial right with decisive finality* separate and apart from any final judgment entered or to be entered in such action on the merits.

*Chapman v. Dorsey*, 230 Minn. 279, 283, 41 N.W.2d 438, 440–41 (1950) (emphasis added) (determining that order denying motion for joinder of parties is not a special proceeding); *see also Beatty v. Winona Housing & Redevelopment Authority*, 277 Minn. 76, 79, 151 N.W.2d 584, 587 (1967) (declaratory judgment actions are not special proceedings).

■ Interlocutory orders appointing receivers are expressly appealable under federal law, *see* 28 U.S.C. § 1292(a)(2), on the ground that such orders are like prejudgment execution, " 'in effect either ousting parties from the possession of property or injuriously controlling the management and disposition of property.' " 12 C. Wright & A. Miller, *Federal Practice and Procedure* § 2986 (1973) (footnote omitted). Other interlocutory orders that are issued during the receivership are not appealable until a final order is entered in the action. *Id.*

■ Appointment of a receiver under Minn.Stat. § 576.01, subd. 1(1), is a proceeding commenced independently of a pending action in order to obtain special relief. It also, in this case, effectively adjudicates a substantial right—the right to possess and manage the farm and receive the rents and profits during the litigation. We therefore find that the trial court's order is a final order affecting a substantial right made in a special proceeding within the meaning of Rule 103.03(g).

### II

Minn.Stat. § 576.01, subd. 1 (1982), provides:

> A receiver may be appointed in the following cases:
>
> (1) Before judgment, on the application of any party to the action who shall show an apparent right to property which is

the subject of such action and is in the possession of an adverse party, and the property, or its rents and profits, are in danger of loss or material impairment, except in cases wherein judgment upon failure to answer may be had without application to the district court * * *.

■ The appointment of a receiver pendente lite is an equitable remedy, to be granted or denied in the exercise of a court's discretion. *Mutual Benefit Life Insurance Co. v. Frantz Klodt & Son, Inc.,* 306 Minn. 244, 246, 237 N.W.2d 350, 352 (1975). In order to show an imminent danger of loss and an inadequate remedy at law, the moving party must show by clear and convincing evidence that (1) the person in possession is insolvent, (2) the person in possession is committing waste, and (3) the value of the security is inadequate to protect the debt. *Id.* at 249, 237 N.W.2d at 353–54. Without this showing a court should not exercise its discretionary authority to grant a request for the appointment of a receiver. *Id.*

Both parties go far outside the record in discussing the facts as they apply to the three requirements set forth in *Mutual Benefit.* The record shows that the buyers failed to pay the installment due December 28, 1983, and without that installment the Muetzels were unable to pay about $14,000 on the underlying first mortgage and other payments that were coming due; that the second mortgage on the farm contained an acceleration clause; that the buyers planted the wrong type of soybean seed for this climate and consequently failed to harvest 100 acres because the beans ripened late; and that they failed to pay the realtor and a tenant for labor.

These facts provide clear and convincing evidence of waste. The buyers chose to finance the purchase of the farm with a contract for deed, knew about the first mortgage, and consented to the second mortgage. Their failure to make the contract payments created a real danger that the mortgagees would accelerate the loans and foreclose on the property. The record also shows that they are relatively inexperienced in managing and operating a farm of this size in this climate.

■ The record does not contain clear and convincing evidence, however, on the remaining two factors—that the partners are insolvent and that the value of the security is inadequate to protect the debt. Their failure to make the disputed mortgage payment is insufficient evidence of insolvency for the purpose of appointing a receiver. In *Mutual Benefit,* the Minnesota Supreme Court affirmed an order denying appointment of a receiver because failure to make five months of mortgage and tax payments did not prove insolvency by clear and convincing evidence. In *Straus v. Straus* the court discussed insolvency in terms of a partnership's profits, losses, and liabilities, 254 Minn. at 237–38, 94 N.W.2d at 682, and in *Seward v. Schrieber* the court affirmed an order denying appointment of a receiver because there was "no showing * * * that the defendant [was] insolvent and [was] unable to respond to a money judgment," 240 Minn. at 491, 62 N.W.2d at 50.

The Muetzels argue that they have shown the inadequacy of the security because "it is common knowledge that farm land values have declined significantly" since the contract was executed, and cancellation under Minn.Stat. § 559.21 would cause them to forfeit their contract damages. *See Zirinsky v. Sheehan,* 413 F.2d 481, 485 (8th Cir.), *cert. denied,* 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1969) (applying Minnesota law). Although this is a persuasive argument, there is no evidence in the record, much less clear and convincing evidence, of the difference between the contract price and fair market value of the property. We cannot take judicial notice of the decline in market value of this property.

We believe the inadequacies in the record resulted in large part from the Muetzels' need to speedily resolve the issue of who would manage the farm during the next growing season, which was rapidly approaching. We therefore remand this case so the parties can supplement the record

and the trial court can consider its order in light of better-developed facts.

## DECISION

Remanded.