**Arnold LEONARD, Respondent,**

v.

**Richard SMIEJA, Appellant,**

**and**

**L & S Company, et al., Nominal Defendants.**

No. C7-84-1719.

Court of Appeals of Minnesota.

April 23, 1985.

Steven D. DeRuyter, Lawrence J. Field, Minneapolis, for respondent.

Samuel D. Finkelstein, Golden Valley, for appellant.

William Seltz, Minneapolis, for nominal defendants.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

SEDGWICK, Judge.

Richard Smieja appeals a judgment against him for $140,684.08 in favor of his former partner Arnold Leonard. We affirm.

## FACTS

In 1977, Richard Smieja (appellant) and his corporations, Prestige Homes, Inc. and

Prestige Commercial, Inc. owned land in St. Michael, Minnesota, on which he wished to build a shopping center. Appellant looked for a partner with money to put into the project.

In February 1978, appellant and Arnold Leonard (respondent) formed the Smieja-Leonard Shopping Center Partnership to build and operate the retail portion of the Colonial Mall Shopping Center in St. Michael. In October 1979, the parties formed the L & S Company General Partnership to construct and operate a commercial medical office building in the Colonial Mall Shopping Center. Both buildings were completed and occupied by tenants. In the construction contracts, appellant stated he had been given his developer's fee and payment for the land used for the shopping center.

From the beginning of the shopping center project until spring of 1981, appellant handled the day-to-day business for the partnerships. That is, he kept the partnership books and records, managed the shopping center, collected rent and received bills.

Appellant failed to keep proper partnership books. He admitted that he frequently commingled his personal and corporate funds with partnership money. For example, appellant deposited Colonial Mall tenant rent checks into his personal bank accounts. He cashed other tenant rent checks rather than depositing them in partnership accounts. He also spent partnership money for his personal purposes.

In spring 1981, partnership creditors threatened to foreclose on the Colonial Mall Shopping Center. Tenants threatened to withhold rent or to leave the center. In April 1981, respondent stepped in to manage the mall. At the time of trial, the shopping center had a negative cash flow of approximately $2,000 to $3,000 per month.

Respondent sued appellant for an accounting, repayment of amounts converted, and for dissolution. In January 1982, a default judgment was entered in favor of respondent against appellant individually and as a partner. The judgment gave respondent permission to apply for dissolution of the partnership and to perform an accounting. Respondent had an accounting done and applied for final judgment. The trial court, instead, ordered trial for January 1984. The trial court later explained that equity required a trial because of the large amount of the judgment.

After trial, the trial court ruled that appellant owed respondent $140,684.08 for inadequate contributions to capital expenditures and for amounts converted to personal use. Appellant moved for amended findings or new trial. The trial court denied the motion on the grounds that appellant failed to show the default judgment should be vacated under Minn.R.Civ.P. 60.02.

## ISSUES

1. Did the trial court err in ruling respondent could sue for a personal judgment against his co-partner prior to dissolution?

2. Did the trial court abuse its discretion by refusing to appoint a receiver?

3. Are the trial court's findings supported by the evidence?

## ANALYSIS

1. Appellant argues that the trial court erred by allowing judgment to be entered against a co-partner before the partnership was "wound up." Respondent argues that the trial court properly denied appellant's untimely request to vacate the original default judgment.

Default was entered in January 1982. Yet, appellant did not object until two years later when respondent asked for final judgment. Appellant's motion to amend the March 1984 judgment was, in essence, a motion to vacate the original default judgment under Minn.R.Civ.P. 60.02.

■ ■ To obtain relief under this section, appellant must show that he (1) has a reasonable defense on the merits; (2) has a reasonable excuse for failure to neglect to answer; (3) has acted with due diligence after notice of entry of judgment; and (4)

that no substantial prejudice will result to the other party. *See Conley v. Downing,* 321 N.W.2d 36, 40 (Minn.1982); *Nielsen Stock & Blackburn, Ltd. v. Financial Acceptance Corp. of Minnesota,* 299 Minn. 81, 85, 216 N.W.2d 693, 696 (1974). The trial court properly noted that appellant has not met this burden. *Pedersen v. Daly,* 307 Minn. 163, 238 N.W.2d 620 (1976).

■ Even if there were no procedural barrier, appellant is not entitled to relief. Appellant argues the trial court erred in allowing an action to be brought before the partnership was "wound up." Appellant is correct that an action for conversion of partnership property generally cannot be maintained by one partner against another where there has been no accounting or division of property by agreement. *Jacobs v. Jacobs,* 227 Minn. 451, 35 N.W.2d 611 (1949).

■ However, respondent's original complaint was both an action for an accounting and dissolution, and an action for conversion. Respondent certainly had the right to an accounting. *See* Minn.Stat. § 323.21 (1982). Likewise, he had the right to request court dissolution of the partnership. *See* Minn.Stat. § 323.31 (1982). Therefore, this part of the action was proper.

■ That part of the complaint dealing with conversion was thoroughly examined in the 1984 hearing, so appellant had a full opportunity to rebut respondent's assertions. Therefore, there was no prejudice to appellant by including the conversion action with the action for dissolution and accounting. The court gave appellant every opportunity to present his case and protect his assets, despite his early lack of due diligence. There was no error.

2. Appellant claims the trial court erred in denying his motion to appoint a receiver to manage the mall and audit the partnership books. Minn.Stat. § 323.36 (1982) provides:

Unless otherwise agreed, the partners who have not wrongfully dissolved the partnership or the legal representative of

the last surviving partner, not bankrupt, has the right to wind up the partnership affairs; provided, that any partner, his legal representative, or his assignee, upon cause shown, may obtain winding up by the court.

■ The appointment of a receiver is a matter for the sound discretion of the trial court. *Bliss v. Griswold,* 222 Minn. 494, 25 N.W.2d 302 (1946); *Seward v. Schrieber,* 240 Minn. 489, 62 N.W.2d 48 (1953). The Minnesota Supreme Court also said:

\* \* \* courts will proceed with great caution in granting an application for a receiver to take possession of property pendente lite; that such application is addressed to the discretion of the trial court and will not be granted in a doubtful case; that the showing must be clear, strong, and convincing; and that the application will be granted only under circumstances requiring summary relief or where the court is satisfied that there is imminent danger of loss and where there is no adequate remedy at law.

*Mutual Benefit Life Insurance Co. v. Klodt,* 306 Minn. 244, 246–247, 237 N.W.2d 350, 352 (1975) (cites omitted). *See* Minn. Stat. § 576.01 (1982).

■ Since appellant made no strong showing of cause, the court did not err by refusing to grant the request for a receiver.

3. Appellant also challenges the sufficiency of the evidence to support the trial court's verdict. In the default judgment, the trial court found appellant contributed inadequate amounts of capital in violation of the partnership agreement, and found he converted partnership funds for his own use.

■ The accounting performed subsequent to the default judgment found appellant owed respondent about $288,000. After trial, the court found appellant owed respondent approximately $140,000, due to contribution of some of his own funds to partnership debts.

The trial court's findings are well reasoned and within one of the expert's find-

ings. In fact, the trial court did an admirable job working with a difficult record, and gave appellant a full opportunity to be heard. There was no error.

### DECISION

The trial court did not err in entering a default judgment against a co-partner prior to dissolution of the partnership. The trial court properly refused to appoint a receiver. The trial court's findings are supported by the evidence. Affirmed.